G. MORRIS BOND ET AL. *vs.* THE GRAY IMPROVE-
MENT CO. ET AL.

*Exceptions to Mortgage Sale by Minority Stockholders of Corporation Mortgagor.*

The ratification of a sale of land under a mortgage made by a corporation was excepted to by two stockholders owning one-eighth of the shares of stock. The corporation itself and the holders of the remaining seven-eighths of the shares of stock desired the sale to be ratified. There was no allegation that the directors of the corporation had been guilty of fraud or any *ultra vires* act, but it was alleged that the price obtained at the sale was inadequate and the mode of conducting it disadvantageous. *Held*, that these minority stockholders are not authorized to except to the ratification of the sale.

Appeal from the Circuit Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Morris A. Soper* (with whom was *G. Morris Bond* on the brief), for the appellants.

The following facts stated in the exceptions make a complete case for setting aside the sale: *First.* The property which was worth approximately $200,000 was sold for $76,500. *Second.* The trustees advertised property so valuable as to require outlay of large capital in only one newspaper. *Third.* The trustee advertised and sold ten acres of land as an entirety, although the property is in a growing section of the city devoted to fine residences, and, as appears from his own advertisement, binds on Druid Hill Park, fronts on both sides of Callow avenue, the east side of Robert avenue, and extends southwardly from the Park to Whitelock street. By the extension of Callow avenue to the Park over 2,800 feet of building lots are readily obtainable. The sale of one-half of these front feet divided into building lots would have more than sufficed to have discharged all the indebtedness of the mortgagors. *Fourth.* The trustee sold more property than was necessary to satisfy the mortgage debt and the expenses of the sale. *Thomas* v. *Fewster*, 95 Md. 446; *Carroll* v. *Hutton*, 88 Md. 676, *Hopper* v. *Hopper*, 79 Md. 400; *Wicks* v. *Westcott*, 59 Md. 270; *Mahony* v. *McCubbin*, 52 Md. 357; *Loeber* v. *Ecks*, 55 Md. 1; *Horsey* v. *Hough*, 38 Md. 130; *Reeside* v. *Peter*, 33 Md. 120; *Johnson* v. *Dorsey*, 7 G. 269; *Gleen* v. *Clapp*, 11 G. & J. 1; *Hintze* v. *Stinzel*, 1 Md. Ch. 283; *Hubbard* v. *Jarrell*, 23 Md. 66; *Gould* v. *Chappell*, 42 Md. 471.

Inasmuch as the trustee as such and as attorney for the mortgagee set the case for hearing on its merits on August 11th, 1904, and afterwards permitted without objection the taking of the testimony which was filed in Court, October 12th, 1904, going into the merits of the whole matter in controversy, and subjecting the appellants to great expense, his subsequent motion made on January 27th, 1905, to strike out the exceptions on the ground that the exceptants were minority stockholders and his demurrer to the petition for intervention were too late. After consenting to go into the merits of the case and putting the exceptants to the expense of tak-

ing testimony, it would appear that the trustee realized that
the manner of sale as charged in the exceptions was estab-
lished by the testimony, and in order to prevent the merits of
the case from receiving the attention of the Court he inter-
posed his technical objections to the right of the exceptants
to appear in the case at all. It is contended that it was not
equitable or fair to uphold or to permit this defense at this
stage of the case. *Gibbs* v. *Claggett*, 2 G. & J. 14; *Smith* v.
*Perry*, 44 Cal. 161; *Doriner* v. *Palmer*, 51 Cal. 629; *Morrill*
v. *Little Falls Manf. Co.*, 46 Min. 260; *Belt* v. *Blackburn*, 28
Md. 227. .

Ordinarily, stockholders are represented by the corporation,
in all litigation affecting their interest as such, and cannot in-
tervene or take upon themselves to act for the corporation;
but it is a universal rule that if the directors are derelict in
their duty and through willful neglect, or for a fraudulent pur-
pose, and fail to protect the corporate interests, the stockhold-
ers may intervene. *Watkins* v. *Land Company*, 107 La. (1902)
107; *Mining Company* v. *McKimmon*; 60 Kansas, 387; *State*
v. *Holmes*, 82 Northwestern Reporter, 109; *Farmers' Loan
and Trust Co.* v. *Toledo R. R. Co.*, 67 Fed. 49; *Dodge* v. *Wool-
sey*, 18 Howard, 331; *Fitzwater* v. *National Bank of Seneca*,
61 Pacific Reporter, 684; *Northern Trust Co.* v. *Snyder*, 89 N.
W. Rep. 460; *Waywire* v. *San Francisco R. R. Co.*, 112 Cal.
646; *Dillon* v. *Lee*, 110 Iowa, 156; *Foster* v. *Mansfield*, 36
American and English Railway Case, 281; *Morrill* v. *Little-
falls Manufacturing Co*, 46 Minn. 260; *Ex parte Brown*, 58
Ala. 537; *Atlantic Trust Co.* v. *Vulcanizing Co.*, 32 N. Y. Sup.
956.

. It may be contended that the answer of the corporation does
not admit the truth of the allegations of the exceptions. The
answer shows that all of the stockholders, save the exceptants,
were satisfied with the manner of the sale by the trustee, and
believed that the best price possible was obtained. Give this
its full effect and it amounts to no more than a denial of the
truth of the statements in the exceptions; and since testimony
had already been taken without objection in support of the

exceptions the question of negligence cannot be determined without reference thereto.     As it is plain from the Court's order that it did not consider the testimony, the answer can have no effect upon the question under consideration.

The answer of the corporation, however, shows that demand was made on the corporation to file exceptions to the sale, and their refusal to do so.     *U. S. Insurance Co.* v. *Shriver*, 3 Md. Ch. 388; *Foster* v. *Mansfield*, 36 Am. & Eng. Railway Cases, *281*; *Kusop* v. *Bohnrich*, 4 Dick. 82; 5 Dick. 485; *Morril.* v. *Liltlefalls Mfg. Co*, 46 Minn. 260.

In a case such as this it is not even necessary. to show negligence on the part of the corporation to justify intervention by a stockholder.     It is held in Maryland that sales of corporate property by officers of the Court, such as receivers or trustees, may be excepted to by stockholders without an allegation of negligence on the part of the corporation.     Such cases are not governed by the ordinary rules of intervention which require the stockholder to act through the corporation. The conduct of the trustee himself is the ground of the exceptions, and although the interest of the stockholder is merged in the decree, he retains an interest in the proceeds of the sale and is entitled to file the exceptions.     *Wagner* v. *Cohen*, 6 Gill, *97, 104; South Baltimore Co.* v. *Kirby*, 89 Md. 52.

*Richard. Bernard* (with whom was *J. D. Ferguson* on the brief), for the appellees.

The sole question is: Can two stockholders both together holding one-eighth of the capital stock of the corporation usurp the control of the company, or on their own behalf irrespective of the wishes of the company, without a pretence of fraud, collusion or mismanagement on its part, without being made parties to the cause, intervene to prevent the foreclosure of a mortgage made by the company concededly valid, confessedly overdue and in default, because they profess to believe that the price realized is inadequate, while the corporation itself deems it expedient and to its best interest that the sale should stand?

It plainly appears from the answer of the corporation to the petition of the exceptants not only that there is absent every reason which would justify such intervention, but it is contended on the part of the company, and the contention is borne out by facts and circumstances, that the whole purpose of the exceptants is to interpose vexatious delay, and thereby keep the property out of competition with other contiguous property owned by them without ever filing a bond to compensate those interested in the event of their failure to establish their contention. It is submitted on behalf of the appellees that: "In actions against corporations when the Court obtains jurisdiction over the corporation every stockholder, in his corporate capacity becomes thereby a party to the cause and is represented by the president and directors who are intrusted with the mangement of the corporate interest of all the stockholders." That "In any ordinary suit against a corporation to establish and recover a debt the stockholders are not proper parties except as they are represented by the corporation." *Miller's Equity*, secs. 39 and 48; *Glenn* v. *Williams*, 60 Md. 116; *Jones* v. *Keating*, 55 Md. 149. "So long as the directors are doing nothing that is illegal or fraudulent, or beyond the powers of the corporation, the inherent rights of a shareholder are limited to taking part in the meetings, drawing dividends when they are declared, subscribing to increased stock when it is authorized, and participating in the distribution of the assets when the company is wound up and its bills paid." *France's Elements of Corporation Law*, sec. 58; 2 *Cook on Corporations*, sec. 684; *Hawes* v. *Oakland*, 104 U. S. 454; *Shaw* v. *Davis*, 78 Md. 308; *MacDougal* v. *Gardiner*, L. R. 1, Ch. Div. 21.

"A minority stockholder cannot have a receiver appointed on the ground that the corporation (the property of which consists of land) is about to sell a large tract of land at a low price, such price being satisfactory to the majority and no fraud being alleged." *North American Co.* v. *Watkins*, 109 Fed. Rep. 104; *Home Mining Company* v. *McKibben*, 60 Kan. 387.

In *Meyer* v. *Bristol Hotel Company*, 163 Missouri, 59, stock-

holders desired to intervene to plead the Statute of Limitations on a note which was in suit against the corporation. The Court said: "There was no such allegation of fraud or collusion between the plaintiff and the directors as would have justified the Court in permitting them to take the defense of the corporation out of the hands of the directors who are the agents and trustees of the corporation. * * * There is no absolute rule which requires the board of dirctors to plead the Statute of Limitations. In *Heggie* v. *Bldg. Asso.*, 107 N. C. 581, plaintiff obtained a judgment against corporation. Stockholders sought to intervene. The Court said: "The corporation represents share owners in defending actions involving the rights and obligations of the corporation, and, in the absence of fraud or collusion, binds them, and individual stockholders cannot assert or defend the rights of the corporation."

BRISCOE, J., delivered the opinion of the Court.

The questions in this case arise upon exceptions to the sale of certain mortgage premises, situated in Baltimore City, under a decree of Court.

The appellee, the Gray Improvement Company of Baltimore City, is a corporation duly incorporated under the laws of the State and on the 8th of April, 1897, executed a mortgage upon ten acres of unimproved land, situate near Druid Hill Park, Baltimore, to secure the payment of the sum of fifty-four thousand dollars, authorized by a resolution of its board of directors to be borrowed from Letitia E. Hanna and others, mortgagees.

This mortgage being in default, a decree for the sale of the property was passed on the 23rd of May, 1904, by the Circuit Court of Baltimore City, and Mr. Richard Bernard, a member of the Baltimore Bar, was appointed trustee to make the sale.

The property was advertised for sale in accordance with the terms of the decree, and was sold on the 20th day of June, 1904, to John Waters of Baltimore County, for the sum of seventy-six thousand and five hundred dollars.

It appears from the report of the trustee that "the lot of ground is composed of parts of three tracts, which are together embraced in one description," and contains ten acres of land more or less.

The trustee first offered the property in four separate parcels, but the amount aggregating only twenty-four thousand five hundred dollars from a sale in that manner, it was afterwards offered as an entirety and thus sold to the purchaser.

Subsequently, on the 16th of July, 1904, the appellants, who are minority stockholders of the mortgagor corporation, filed exceptions to the ratification of the sale, asking that the sale as thus made be vacated and set aside.

The grounds relied upon and briefly stated, are substantially these:

1st. That the property was insufficiently advertised; 2nd. That the trustee improperly advertised the property to be sold "as an entirety;" 3rd. That the price was grossly inadequate; 4th. That the property should have been sold as building lots; 5th. That the trustee sold more of said property than was absolutely necessary for the satisfaction of the mortgage debt and proper expenses of the sale.

On the 27th of January, 1905, the appellees, the mortgagors, filed a motion to overrule and dismiss the exceptions to the sale, because the exceptants are minority stockholders, owning only one-eighth of the capital stock of the corporation, and have no standing to attack the sale as made by the trustee.

It further appears, that on the 28th of January the appellants, two of the stockholders of the mortgagor company petitioned the Court to intervene as party defendants and maintain their exceptions, averring that the president of the company, had refused to take such action as would protect the interests of the stockholders.

The appellees, mortgagees, demurred to this petition and the mortgagor company filed an answer thereto. The answer states, "that all the stockholders except the appellants believe that the trustee, who besides representing the mortgagee rep-

resents about three-eighths of the capital stock of the company, did all in his power to realize the best price and that his conduct met the approval of seven-eighths of the stockholders of the company; that the petitioners are the holders of the remaining one-eighth, and are largely interested in the contiguous vacant land, which has been for some time on the market; that their effort to control the management of the company is unjust inequitable, and vexatious, and the majority of the stockholders are acting for the interest of the company.

The case was heard on the petition, answer and the demurrer, and from a decree sustaining the demurrer, refusing the application to be made parties, overruling the exceptions and ratifying the sale, an appeal has been taken.

The principal question in dispute and the one upon which the decision of the case must turn, is whether the appellants, who are minority stockholders of the mortgagor corporation, have presented such a case as gives them a standing in Court, to defend, apart from the corporation itself, a contest or litigation involving the corporate rights and duties of the company.

The law involving the rights of individuals or minority stockholders to sue or defend independent of the corporation itself, has been firmly established by adjudications of both the Federal and State Courts.

In *Shaw* v. *Davis et al.*, 78 Md. 316, JUDGE McSHERRY, in speaking for this Court, said: "It may be stated, as the result of all the authorities, that whenever any action of either directors or stockholders is relied on in a suit by a minority stockholder for the purpose of invoking the interposition of a Court of equity, if the act complained of be neither *ultra vires,* fraudulent nor illegal, the Court will refuse its intervention because powerless to grant it, and will leave all such matters to be disposed of by the majority of the stockholders in such manner as their interest may dictate and their action will be binding on all, whether approved of by the minority or not."

And MR. JUSTICE MILLER, in *Hawes* v. *Oakland,* 104 U. S.,

said, while the cases admit the right of a stockholder to sue in cases where the corporation is the proper party to bring the suit, they limit this right to cases where the directors are guilty of a fraud or a breach of trust, or are proceeding *ultra vires.* And it will be found that the English cases are to the same effect.

It is needless then for us to prolong this opinion by a further citation from decided cases, or to enlarge upon the obvious and manifest reason for the rule.

The case at bar presents no fact that would invoke the jurisdiction of the Court under the well-settled rule of law above stated.

According to the record, the appellants who own one-eighth of the capital stock of the company are the only stockholders who desire the sale vacated. It is further shown that all of the stockholders of the company were present or were represented at the sale made by the trustee, and are satisfied with the mode and manner of the sale.

In the answer of the company, it is stated "that all the stockholders except the appellant believe that the trustee who besides representing the mortgagee represents about three-eighths of the capital stock of the company did all in his power to realize the best price possible and his conduct met the approval of the company backed up by seven-eighths of its stockholders."

We find nothing under the facts of the case, that would justify a reversal of the order appealed from and it will be affirmed.

*Order affirmed, with costs.*

(Decided January 9th, 1906.)