# F. EUGENE SLOAN, Trading as FRANK B. SLOAN & CO. *vs.* FRANK. S. CLARKSON.

*Corporations—Bill by Minority Stockholder to Compel Accounting by Agent of Foreign Corporation.*

A Court of equity of this State has jurisdiction of a suit by a minority stockholder against the managing director, resident in this State, who is also the agent, of a foreign corporation, to require a statement of the accounts between the corporation and the agent when the refusal of the corporation to demand such accounting is fraudulent or improper. Such a suit does not concern the internal management of a foreign corporation.

Since a foreign corporation has a right to sue an officer or agent of the company, residing in this State, for an accounting, a minority stockholder of the company has the right to institute such suit when the corporation has improperly refused so to do.

A bill alleged that the plaintiff was a minority stockholder, and also a director, in a foreign corporation doing business in this State; that the defendant is the majority stockholder and also the president, treasurer and selling agent of the corporation; that the defendant refused to allow the plaintiff to inspect the accounts between the company and the agent, and stated that the company had no other books than one containing the reports of the meetings of the stockholders and directors, and that the corporation refused to require an accounting from the defendant as agent. It was charged that the action of the defendant and of the majority of the directors was fraudulent, oppressive and in violation of plaintiff's legal rights. The bill prayed that the defendant might be required as agent to render to the corporation a full and detailed report and account of his transactions as such agent, accompanied with vouchers. *Held*, upon demurrer, that the plaintiff is entitled to the relief asked for on behalf of the corporation.

*Decided February 28th, 1907.*

Appeal from the Circuit Court of Baltimore City (Niles, J.)

The cause was argued before Briscoe, Boyd, Pearce, Schmucker and Burke, JJ.

*Frank Gosnell* and *Geo. Winship Taylor* (with whom was *Wm. L. Marbury* on the brief), for the appellant.

The Pulley Company is a foreign corporation, organized under the laws of the State of West Virginia, and the Courts of this State have no jurisdiction over any case whatsoever that involves the *internal management* of a foreign corporation. *Wilkins* v. *Thorne*, 60 Md. 253, 258; *Mining Co.* v. *Field*, 64 Md. 153, 154; *Madden* v. *Electric Light Co.*, 181 Pa. St. 617; *Condon* v. *Association*, 89 Md. 116–120; *Wolf* v. *Penn. R. R. Co.*, 195 Pa. 91; *McCloskey* v. *Snowden*, 212 Pa. 249.

The rights, if any, of the appellee are fixed by statute and his remedy is clearly in the Courts of West Virginia. *Corporation Laws of W. Va.*, ch. 2, sec. 47; *Lipscomb* v. *Condon*, 56 W. Va. 416; 67 L. R. A. 670.

To grant the relief prayed in the bill would necessarily involve a control by this Court of the internal management of this foreign corporation, because: The appellee has filed his bill in this case, as a minority director and stockholder, *in place of the corporation*, and the relief prayed for is *in behalf of the corporation*. The prayer is that the appellant, the agent, be compelled to account and disclose to the corporation itself, the Pulley Company. How else could this be done, except by this Court temporarily undertaking the management of the Pulley Company and demanding the information from its agent? And, this too, in face of the fact that this question has been well considered, and decided against by a majority of the directors and stockholders of the Pulley Company, who, in the exercise of their honest judgment, believe that it is not for the best interests of the company. Can it be reasonably contended, in view of these facts, that an exercise of the Court's power in this case would not be an interference with the internal management of this corporation? In considering this phase of the case, the all inportant point, that the relief sought is in behalf of the corporation, and not of the appellee individually, must not be lost sight of.

Under certain well defined circumstances, a minority stockholder, director or other officer of a domestic corporation is allowed to file his bill in equity in place of his corporation (where the corporation itself would be the correct party

plaintiff, but upon request has refused to act) and relief will be granted. The circumstances required are that he *allege* and prove some fraudulent, illegal or *ultra vires* act or acts, whereby the corporation, as well as he himself, has suffered some wrong or pecuniary loss, *Booth* v. *Robinson*, 55 Md. 438; *Shaw* v. *Davis*, 78 Md. 316; *Callaway* v. *Powhatan Imp. Co.*, 95 Md. 185; *Bond* v. *Gray Imp. Co.*, 102 Md. 433, 434; *Dickerman* v. *Northern Trust Co.*, 176 U. S. 191. The act complained of in this case is *that of the directors* in refusing to demand of their agent a detailed disclosure of his business; and the appellee seeks the aid of a Court of equity to compel this disclosure.

*Randolph Barton, Jr.* and *Aubrey Pearre, Jr.*, for the appellee.

Does the bill allege facts which would make Sloan liable under any circumstances, in the proper Court and proceeding? There can be no serious doubt on this point. It was not really seriously questioned below. Sloan is alleged to be the *agent of the Norris Sash Pulley Company*. He is alleged to be an agent to whom exceptional duties are entrusted and in whom unusual confidence is reposed, that is, he is, as agent, entrusted with the *entire operation* of the affairs of the Pulley Company, he paying all expenses, deducting a commission on all sales, and turning over to the Pulley Company only the net balance.

That *any* agent, and particularly an agent of this kind, should *account most fully* to his principal for his agency transactions, cannot require argument. The obligation of an agent to *account* fully is fundamental law. See *Kughler* v. *Savage Mfg. Co.*, 12 Md. 414; *Brooks* v. *Berry*, 2 Gill, 83; *Williams* v. *West's Admr.*, 2 Md. 174; 1 *Clark & Skyles Law of Agency*, pp. 942, 939; *Story Agency*, (9 ed.) secs. 203, 332. Of course, this does not mean that he must merely submit *statements*. He must keep and submit to his principal, *accounts,* *receipts* and *vouchers.*

And an *accounting* is worthless—it is not an "accounting" at all—unless it furnishes the principal with some means of

testing its accuracy.    "An account has been defined as 'a detailed statement, something which will furnish the person having the right thereto, information of a character which will enable him to make some reasonable test of its accuracy and honesty.'"    1 *Clark & Skyles, Agency*, p. 940.

Can the plaintiff invoke this relief, and are the parties properly made?    The relief asked is that the agent shall account to the *company*, which is his principal.    The plaintiff asks no relief directly on his own behalf, but asks it for the company of which he is a stockholder and director.    Ordinarily of course, the company, through its officers should do this for itself.    But where it refuses to do this and especially where, as here, his refusal is due to improper and *fraudulent motives*, the stockholder can inaugurate the proceedings himself.

Ordinarily there should first be a demand that the directors bring the suit and a refusal by them to do so.    Such a previous demand is in fact alleged in this bill.    But where in effect, the suit amounts to the officers *suing themselves*, the stockholder is not compelled to go through the idle form of asking them to do this.    *Booth* v. *Robinson*, 55 Md. 439; 3 *Pomeroy Eq. Juris.*, p. 2124.    We need not go outside the decisions of our Courts for authority for the above proposition. *Booth* v. *Robinson*, 55 Md. 439; *Shaw* v. *Davis*, 78 Md. 308; *Dupuy* v. *Terminal Co.*, 82 Md. 408; *Urner* v. *Sollenberger*, 89 Md. 333; *Bond* v. *Gray Imp. Co.*, 102 Md. 426.    See 3 *Cook, Corporations*, secs. 734, 740; 2 *Clark Marshall Corporations*, pp. 1678–81; 10 *Cyc.*, pp. 966–67; 3 *Pomeroy Equity Juris.*, sec. 1095.

In such cases the company is the *real* plaintiff, and therefore should be made a party to the cause, but for obvious reasons this can only be effectively done by making it a *party defendant.    Booth* v. *Robinson*, 55 Md. 419; 3 *Cook, Corporations*, secs. 738, 740; 3 *Pomeroy Eq. Juris.*, sec. 1095; *Robinson* v. *Smith*, 3 Paige, 222.

The situation, in other words, is this: the Pulley Company is principal and Sloan is agent.    The company has a complete right to file, in its own name, a bill in equity, against Sloan,

for an accounting.  Its officers however fraudulently refuse to
do this, so an individual stockholder initiates the suit himself
on *behalf of the company*, making it nominally a party defend-
ant with the real defendant.  This meets all the requirements
of the authorities.

It should be noted however, that even were the company
improperly joined as a defendant, *Sloan* cannot make this ob-
jection on a demurrer.   *Only the defendant improperly joined*
can do so.   See *Miller Equity*, p. 95, and cases cited.

Has the Circuit Court of Baltimore City jurisdiction in the
case?  This was the main proposition argued by the appellant
below, and the chief objection urged to the jurisdiction was
that the company is a *West Virginia* corporation, and that the
bill involves interference by our Courts in its internal affairs.

This is a total misconception of the object of the bill.  It is
not a suit *against* the company, but *on behalf* of the company.
The suit is one which the corporation could have brought as
plaintiff, and *ought* to have brought, but is denied the benefit
of bringing by the *fraudulent conduct of its officers and direc-
tors*.  And, as has been shown above, a minority stockholder
in a case like this can himself docket the suit on behalf of the
company, and in which suit *the company is a necessary party
defendant*.

The position of the case, therefore, is precisely what it
would have been had the officers of the company done what
they ought to have done—brought suit directly for the com-
pany against its agent.   Had they done so, is there any doubt
as to the jurisdiction either of a *Court of equity* (an accounting
being demanded) or of a *Maryland* Court, a *Maryland defend-
ant* being proceeded against?

In a case where the action was against the *officers* of a for-
eign corporation, *Ernst v. Rutherford*, 38 App. Div. N.Y. 388, it
was said: "The learned trial Judge in his opinion has said 'If
this were an action simply to compel an accounting and res-
toration, by parties within the jurisdiction, of property wrong-
fully taken or withheld, and to restore it even to a foreign
corporation, the power of the Court to entertain jurisdiction

of the action could not be questioned.' This is, unquestionably, a correct statement of the law * * * The right of the plaintiffs as stockholders to compel a restoration by the offi- cers to the corporation is co-extensive with the right of the corporation itself. Surely the corporation would not be con- fined to the Courts of the State which created it, but could pursue its officers *in whatever jurisdiction* it might find them; otherwise it would be remediless if those officers remained without the State." Quoted in *Beale, Foreign Corporations,* sec. 309.

The thing charged is not that the company is withholding any right from the plaintiff, but that the company is entitled to certain rights—to information and accounting which the agent is bound to give it. That its officers fraudulently refuse to assert this right for it, being unwilling to sue themselves, and hence the stockholder himself puts in motion the ma- chinery to assert and establish this right for the company. 3 *Pomeroy, Equity Jurisprudence,* sec. 1095.

It is no more an "attempt to regulate the internal affairs of a foreign corporation" than if it were alleged that the directors owed the company money, or were defrauding it, and refused to sue themselves on behalf of the company.

The fallacy of appellant's contention arises from his con- fusing the demand of the plaintiff that the agent supply this information to the company, with his complaint, addressed to the directors in his letters but not made the basis of relief prayed in the suit, that the directors submit this information to the plaintiff. He was told that the company has no such information, and hence he seeks to obtain it for the company. After the company once gets it, if it is then withheld from him, one of the directors, it may well be that he will have to sue in West Virginia to enfore his right of inspection. That he has such a right as well as all the other directors is un- questionable. 10 *Cyc.,* p. 770.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Bal-

timore City passed on the 13th day of November, 1906, over-ruling a demurrer of F. Eugene Sloan, trading as Frank B. Sloan & Co., one of the defendants, to the plaintiff's amended bill of complaint.

The original bill was filed by the appellee against the appellant and the Norris Sash Pulley Company, a West Virginia corporation transacting business in this State.

The Court below sustained the demurrer to the original bill, with leave to the plaintiff to amend, and also held that the plea of the Norris Sash Pulley Company, "be and it is hereby allowed to stand as the answer of the company."

Thereupon the plaintiff amended the bill of complaint, and a demurrer and plea were filed to the amended bill. The demurrer being overruled, the defendant, Frank B. Sloan & Co., has appealed.

The bill avers that the plaintiff and the defendant, F. Eugene Sloan, are citizens and residents of the city of Baltimore, Maryland, and that the defendant, the Norris Sash Pulley Company, is a West Virginia corporation, but having its place of business and principal office in the city of Baltimore; that the plaintiff and the defendant Sloan are practically the substantial owners of all the stock of the Norris Sash Pulley Company, towit, nine shares being held by the Sloans and three shares by the plaintiff.

The bill further alleges that on the 14th of May, 1899, by an agreement between the parties, the firm of Frank B. Sloan & Co. was constituted managing and selling agents of the Pulley Company, the contract providing that as such agents, they should pay all expenses of manufacture and of conducting the business, including a commission, as compensation for their services, on all sales, and to pay over the residue to the Sash Pulley Company.

Subsequently, in September, 1905, Frank B. Sloan & Co. failed and made an assignment for the benefit of creditors, and the plaintiff, who had been employed as bookkeeper and salesman in connection with the business of the company,

was notified by the trustee that his services would no longer be required in this capacity.

Thereupon the plaintiff engaged in the sash pulley business with another house in the same line of work.

Afterwards, E. Eugene Sloan, a son of Frank B. Sloan, was elected by the votes of the nine shares of stock held by them, president, secretary and treasurer of the company, and conducts the same business under the trade name of F. B. Sloan & Co. And on the 19th of January, 1906, a contract was made between F. B. Sloan & Co., the appellant here, and the Norris Sash Pulley Co., whereby the former was appointed agent for the latter, upon the identical terms in all respects as those herein mentioned formerly had with his father, except with an increased commission on sales.

The bill also charges that the plaintiff was elected one of the five directors of the Pulley Company, the remaining four directors being chosen by the Sloan family, and that as stockholder and director of the company, he requested the right to inspect the books, records and accounts of the company, but was only shown a minute book containing reports of the meetings of stockholders and directors, it being stated that the company had no other books, and that all other books, accounts, &c., are the property not of the company but of the agents.

The bill then charges that F. Eugene Sloan, trading as Frank B. Sloan & Co., is the agent of the Pulley Company, and as such is bound to render a true and accurate account of the business so conducted by him as agent and these accounts, when submitted to the company, should be open to the inspection and consideration of the board of directors and of each member thereof; that the relationship existing between the majority of the directors of the company and the agent of the company, ( F. Eugene Sloan being not only the agent but a director, president, secretary, treasurer and chief stockholder of the company,) makes it necessary that the Board of Directors should be fully advised of the business conducted by the agent of the company ; that the company controlled by F.

Eugene Sloan has been called upon by the plaintiff, both as a stockholder and as a director, to require from its agent, F. Eugene Sloan, doing business as F. B. Sloan & Co., an accounting, but this the company has refused to do ; that this refusal is due to improper and fraudulent motives and is based upon the fact that the agent and the president, secretary and treasurer of the company are one and the same person.

The bill further charges that the action of the defendants herein, and of the majority of the directors of the company, is fraudulent, oppressive, and in violation of his legal rights.

The prayer of the bill is, first, that the defendant, F. Eugene Sloan, trading as Frank B. Sloan & Co., be required as agent to render to the Norris Sash Pulley Company, a full and detailed report and account of his transactions as such agent, accompanied with all vouchers, etc., relating to such transactions. Second, that the defendant, the Norris Sash Pulley Company, may be required hereafter at proper times to exact of its agent such due and proper accounts, and then follows, the usual prayer for general relief.

The defendant, Frank B. Sloan & Co., demurred to the amended bill, based upon the following grounds :

(1) That the Court lacks jurisdiction, because to grant the relief prayed, would involve interference with the internal management of a foreign corporation, the Norris Sash Pulley Company.

(2) That the plaintiff has not stated in his bill such a case as entitles him to any relief in equity against this defendant.

(3) And for other causes to be assigned at the hearing.

We have set out the averments in the bill, which cover thirteen pages of the record, in greater detail than usual, so as it may clearly appear what are the real questions involved on this appeal between the parties, and we will now proceed to consider them.

The relief sought under the second (b) prayer of the bill, that the Norris Sash Pulley Company, be required hereafter to exact of its agents a proper accounting, is not urged in this Court, it being practically conceded by the appellee that this

prayer of the bill would be beyond the jurisdiction of the Court and within the rule relating to the internal management of a foreign corporation. *Condon* v. *The Mutual Reserve Fund Association*, 89 Md. 99.

The real and substantial question presented on the record is whether the facts alleged in the bill and admitted by the demurrer to be true entitled the plaintiff to the relief, under the first, (a) prayer of the bill, and that is, that the agent, F. Eugene Sloan, be required to account to the company his principal, and that the plaintiff be permitted to inspect the books of the corporation.

There can be no question, it seems to us, that a Court of equity has jurisdiction to require a factor or agent to account to his principal upon the allegations set out in this bill. *Weihenmayer* v. *Bitner*, 88 Md. 331.

In this case the company of which the plaintiff is a stockholder and director refused, upon demand, to require the accounting, and the relief is asked by the plaintiff, on behalf of the company.

The rule is stated in *Booth* v. *Robinson*, 55 Md. 438, to be, that the proper and primary party to call the directors to an account, for fraud or breaches of trust, in the management of the affairs of the corporation, is the corporation itself. But to enable a shareholder, either for himself alone, or for himself and others to maintain a bill against directors for such fraud or breaches of trust, he must allege and show, not only the violations of duty or breaches of trust on the part of the directors, but that he as stockholder has been damnified thereby and that the corporation has failed or refused to take the proper steps for the redress of the wrong.

In the case at bar, the bill distinctly avers that the refusal of the company to take the steps required is due to improper and fraudulent motives and is based upon the fact that the agent, the president, secretary, treasurer and majority stockholder and majority director, are one and the same individual, and that the action of the defendants and of the majority of the directors of the company is fraudulent, oppressive, and in violation of his legal duties.

In *Dupuy* v. *Terminal Company*, 82 Md. 408, it is distinctly held that when the acts of the officers of a corporation are fraudulent, illegal or *ultra vires*, any stockholder is entitled to ask for the protection of a Court of equity. 3 *Pomeroy Equity Juris.*, p. 2124; *Shaw* v. *Davis*, 78 Md. 308; *Bond* v. *Gray Imp. Co.*, 102 Md. 426.

These principles are well settled in this State and elsewhere and the reasons on which they rest, are so fully stated, in the adjudicated cases as to need no further comment here.

But it is urged upon the part of the appellant that the Pulley Company is a foreign corporation organized under the laws of the State of West Virginia and the Courts of this State have no jurisdiction over any case whatsoever that involves the internal management of a foreign corporation.

In answer to this contention, it can be said, that the plaintiff abandons the relief sought by him under the second (b) prayer of his bill, and rests his case upon the first (a) prayer, which asks on behalf of the corporation, or that the corporation itself require an accounting from its agent, who has charge of the entire business of the company. The corporation is composed entirely of citizens of Maryland, and its business appears to be conducted within the State.

The agent, F. Eugene Sloan, is a resident of the State and his firm is a Maryland Company, so the suit could only be brought in the jurisdiction where the defendant from whom the accounting is desired, resides, and where he is subject to process.

It is clear, if the corporation had brought the suit against its agent, a resident of Maryland, the Court would have jurisdiction to entertain the bill, and we do not therefore see upon what ground the jurisdiction of the Court to entertain this suit can be questioned.

In *Ernst* v, *Rutherford*, 38 App. Div. (N. Y.) 338, it is said, the right of the plaintiffs as stockholders to compel a restoration by the officers of the corporation is co-extensive with the right of the corporation itself. Surely the corporation would not be confined to the Courts of the State which created it, but could

pursue its officers in whatever jurisdiction it might find them, otherwise it would be remediless, if those officers remained without the State.

If the corporation could invoke the relief in this jurisdiction the plaintiff as stockholder and director can institute and maintain such a suit. The rationale of the rule is thus stated by Mr. Pomeroy in his work on *Equity Jurisprudence*, vol. 3, sec. 1095: "The stockholder does not bring such a suit because his rights have been directly violated or because the cause of action is his, or because he is entitled to the relief sought; he is permitted to sue in this manner simply in order to set in motion the judicial machinery of the Court. The stockholder, either individually or as the representative of the class, may commence the suit and, may prosecute it to judgment, but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief when obtained belongs to the corporation and not to the stockholder plaintiff."

There is nothing in this view that conflicts with the cases relied upon by the appellant, in his brief. Those cases are very different from this. They rest upon dissimilar facts and the application of different legal principles.

It is also contended that the suit cannot be maintained because the plaintiff is a minority stockholder and as such cannot invoke the interposition of a Court of equity. The cases of *Shaw* v. *Davis*, 78 Md. 308, and *Bond* v. *Gray Imp. Co.*, 102 Md. 426, are relied upon to sustain this well settled proposition. It appears, however, in the case now before us that the bill distinctly charges that the refusal of the company to act is due to improper and fraudulent motives and the action of the defendants and of the majority of the directors of the company, is fraudulent, oppressive and in violation of his legal rights. It also alleges that the defendant is the managing agent of the corporation, who conducts the entire business of buying, manufacturing and selling and turns over to the company the net profits, less his commissions; that this agent is also the president, the secretary, the treasurer, majority

Md.]                    Syllabus.

stockholder and majority director of the Pulley Sash Company; the company, who is F. Eugene Sloan, has refused upon demand of a stockholder and director to require Sloan, as agent, to render an account as such agent to the company, of the business of the corporation.    These allegations are admitted by the demurrer to be true, but it is denied that the plaintiff is entitled to any relief.

We fully agree with the Court below in the statement that the effect of allowing the validity of such a defense in a case like this would be to declare that if any corporation one man can obtain control of a majority of the stock, he may appoint himself agent, carry on the entire business of the corporation and render only such accounts as he, in his capacity of the majority holder of the corporate stock, may require from himself in his capacity of agent.

The allegations of the bill in this case we think are sufficiently clear and definite to sustain the Court below in overruling the defendants' demurrer and requiring an answer on the part of the appellant.    The acts complained of are charged to be both fraudulent and illegal, and if they can be established and shown to be true, would entitle the plaintiff to the relief asked. *Bond* v. *Gray*, 102 Md. 426; *Weihenmayer* v. *Bitner*, 88 Md. 325.

For the reasons stated, the order of the Circuit Court of Baltimore City will be affirmed, with costs.

*Order affirmed, with costs.*