J. J. HOWARD, J. M. HOWARD and J. A. MEADOWS v. THE MUTUAL RESERVE FUND LIFE ASSOCIATION (of New York).

(Decided October 17, 1899.)

*Superior Court—Jurisdictional Amount—Foreign Corporations, when subject to Courts here, when not—Individual Rights—Corporation Business Matters—Demurrer. Amendment of Pleadings in Supreme Court.*

1. The Superior Court has no original jurisdiction of a legal cause of action, founded on contract, when in no event can the plaintiff recover as much as $200.

2. Money paid under an illegal assessment with a full knowledge of all the facts is not recoverable.

3. The courts of our State will not interfere with the internal management of the business matters of foreign corporations.

4. Our courts would have jurisdiction over foreign corporations where individual rights would be concerned. In such cases, they would be open to the plaintiff.

5. An amendment of the complaint, asked for in the Superior Court, which involves questions of fact and a matter of law entirely foreign to the case as made up on appeal is denied.

CIVIL ACTION for legal and equitable relief instituted in the Superior Court of CRAVEN County by the plaintiff J. J. Howard, a resident of this State, who had a life insurance in the defendant Mutual Life Insurance Company, a foreign corporation, of State of New York.

The plaintiff demanded judgment:

1. For $155.65, the illegal part of the assessments collected from him on mortuary calls under resolutions of 1895 and 1898, with interest from the dates of payment.

2. That the defendant be restrained from further demanding or collecting the illegal portion of said mortuary calls.

125——4

3. For costs.

4. For general relief.

The defendants filed a demurrer to the complaint, and the case coming on to be heard before *Hoke, J.,* upon complaint and demurrer at February Term, 1899, his Honor sustained the demurrer, and the plaintiffs appealed.

The points presented in the pleadings are thoroughly reviewed in the opinion.

*Messrs. Simmons, Pou & Ward,* for appellants.

*Messrs. J. W. Hinsdale,* and *Shepherd & Busbee,* for defendants.

MONTGOMERY, J.   The defendant, a foreign corporation, is an insurance company organized on the assessment plan. The plaintiff, J. J. Howard, a resident of the State, insured his life in defendant company for the benefit of the plaintiff J. M. Howard, and at the time the application was accepted, a "certificate of membership" was issued, in which the defendant agreed and promised to pay to the beneficiary the value of the policy upon the death of the plaintiff J. J. Howard, in consideration of the payment to the defendant by J. J. Howard of the admission fee and the dues for expenses to be paid quarterly in each year, and of all mortuary assessments.   A by-law of defendant company in force at the time the plaintiff became a member, was incorporated in the certificate of membership, and is in the following words:

"Whenever the death fund of the Association is insufficient to meet an existing claim by death, an assessment shall be made upon the entire membership in force at the date of such death for such a sum as the Board of Directors shall have established and published, according to the age of each member;" and by another by-law in force at the time the plaintiff

HOWARD *v.* INSURANCE CO.

became a member of the company, certain definite rates of assessment for each member, according to age, were fixed, and that those upon members of the age of the plaintiff J. J. Howard were fixed at $2.10 for each $1,000 of insurance.

Up to the 12th of June, 1895, the assesments against the plaintiff on account of the said mortuary fund were levied and collected according to the rates agreed upon in the beginning. But at that date and also in January, 1898, the Board of Directors changed the rates of assessments, greatly increasing them as to the plaintiff J. J. Howard and all others who became members before the year 1890, without increasing at the same time in a proper ratio the assessments of members who had insured since 1890. The plaintiff has opposed the increased assessments but has been compelled to pay to the company, under protest, the sum of $155.65 in excess of the rates agreed upon and fixed at the time of his insurance.

The plaintiff was at the time of the commencement of this action beyond the insurable age.

The prayer for relief is for judgment for $155.65, the illegal part of the assessments collected from him on mortuary calls under the resolutions of 1895 and 1898, with interest from the date of payment; that the defendant be restrained from further demanding or collecting the illegal portion of said mortuary calls; for costs and for general relief. The demurrer was sustained by his Honor, and is in the following words:

1. The defendant demurs to the cause of action stated in the complaint herein for the recovery of money alleged to have been illegally exacted and paid, for that it appears upon the face of the complaint that the court has no jurisdiction of said cause of action because in no event can the plaintiff recover as much as $200.

2. The defendant demurs to the cause of action stated in

the complaint, in which the plaintiff seeks equitable relief by way of injunction of the defendant's making or levying the assessment complained of, for that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action: (1.) Because the plaintiff being a member of a foreign corporation undertakes by this action to interfere with the internal management and administration of its affairs. (2.) Because the plaintiff has not set forth that he has not exhausted his remedies within the corporation as a member thereof before bringing this action. (3.) Because this court can not enforce its injunction against the defendant. (4.) Because, conceding for the purpose of this demurrer that the assessments complained of are illegal, the plaintiff has an adequate and complete remedy at law, and this action is premature.

3. The defendant demurs to the cause of action stated in the complaint in which the plaintiff seeks equitable relief, for that it appears on the face of the complaint that this court has no jurisdiction of the subject matter of the action, because the plaintiff, as a member of the defendant company, which is a foreign corporation, seeks equitable relief by way of injunction against the defendant making or collecting the assessments complained of, and prays the Court by this action to interfere with the internal management of a foreign corporation and the administration of its affairs.

It is clear that two causes of action are embraced in the complaint though they are not separately stated; one legal, for the recovery of $155.65 for alleged illegal assessments paid by plaintiff to defendant; the other equitable, for injunctive relief to restrain the defendant from further demanding or collecting, in the future, such illegal and increased assessments.

The Superior Court in which this action was commenced is without original jurisdiction to entertain the legal cause of

action, the amount claimed being under $200. The proper jurisdiction for such an amount as is claimed in this action is in the court of a Justice of the Peace. Sec. 194 of The Code refers only to actions of which the Superior Court has jurisdiction, and was not intended to give to such courts jurisdiction of civil actions founded on contract wherein the sum demanded shall not exceed $200. It is true that the plaintiff in this complaint alleged that he had paid to the defendant various amounts and that he was not able to give the dates and the amounts, and asked that the defendant "file with its answer a schedule with the amounts so paid together with the dates of payment." Such pleading is too vague for any purpose. The plaintiff seems either not to have wanted an accounting with the defendant or thought he could not procure it in this action. But it is difficult to see how the plaintiff could recover of the defendant the amount of the alleged illegal assessments, for they were paid with a full knowledge of all the facts.

We have a statutory provision which provides for the recovery of money paid for taxes illegally collected, when paid to a public officer under protest, but we know of no rule of law which would permit a person to pay money upon the demand of another with a full knowledge of all the facts and afterwards recover it.

The first and third grounds under the second head of the demurrer (the equitable cause of action) are based upon the legal view that the courts of one State can not interfere with or exercise jurisdiction over the internal management of corporations formed and resident in another State; and especially, upon the view that the courts of one State can not by injunction afford equitable relief even to one of its residents, who is a member of a foreign corporation, by an order commanding and requiring such corporation to do or not to do certain specified acts connected with the internal management

of its corporate affairs. It seems that that part of the demurrer is well taken, for the authorities appear to be both numerous and respectable to the effect that the courts of one State will not interfere with the internal management of the business matters of foreign corporations by injunction or otherwise. It is considered best that such matters should fall under the exclusive jurisdiction of that State under the laws of which such foreign corporations were organized and where they are resident. Thompson on Corporations, sec. 7904; *North State Copper Co. v. Field,* 69 Md. 151;*Moore v. Mining Co.,* 104 N. C., 545; *Clark v. Mutual Reserve Fund Life Association,* Court of Appeals, D. C., 13 App.; *Taylor v. Same,* 33 S. E. Rep., 385;*Condon v. Same,* 42 At. Rep., 944. The reasons for such a rule are apparent. Only the courts of the State in which the corporation has its residence can enforce their judgment and orders against them; only those courts have power to remove the officers of such corporation for dereliction of duty, or to declare a forfeiture of their charters.

Sec. 3062 of The Code provides the means of bringing foreign corporations into the courts of our State, and sec. 194 provides that an action may be brought in our Superior Courts "by a resident of this State for any cause of action," while, by the same section, a plaintiff not a resident of this State shall only have his action "when the cause of action shall have arisen or the subject of the action shall be situated within the State." These provisions of our law had for their object the securing for suitors in our courts of the benefits of our own laws and the conferring upon our courts jurisdiction to declare and enforce their rights when the matters which were the subject of litigation were in their jurisdiction, or the remedy sought could be ganted. They were not intended to give our courts jurisdiction over the persons who are the

officers of a foreign corporation residing in another State and over the internal management of such corporations over which our courts would be powerless to exercise any control or to enforce obedience to any of their orders.

Secs. 124, 295 and 297 of The Code of Maryland are in substance like secs. 194 and 3062 of our Code. The Maryland statutes have been construed by the Court of Appeals of that State in the case on *Condon v. Mutual Reserve Fund Life Association* (the defendant in this action), 42 Atlantic Rep., 944; and in *Mining Co. v. Field,* 64 Md., 151. In the first-mentioned case the Court said: "The object of our statute, and of similar statutes passed by other States, is to provide for the collection of debts due from foreign corporations to our own citizens, and to enforce contracts made here by foreign corporations through its agent, and to protect our citizens from frauds or wrong, whether the wrongdoer be foreign or domestic. But it was not the intent of our statute to give our courts jurisdiction over the internal affairs of a foreign corporation. Our courts possess no visitorial power over them, and can enforce no forfeiture of charter for violation of law or removal of officers for misconduct; nor can they exercise authority over the corporate functions, the by-laws, nor the relations between the corporation and its members arising out of and depending upon the laws of its creation. These powers belong only to the State which created the corporation."

Sec. 1780 of the New York Code of Civil Procedure provides that, "An action against a foreign corporation may be maintained by a resident of the State or by a domestic corporation of any cause of action," and in the case of *Fisher v. Charter Oak Life Insurance Company,* (1885), 20 J. & S., 179, the Court (Superior—now merged with the Supreme) said: "The performance of the contract by defendant would

involve the doings of such things by its officers as would be done by them if they were proceeding to ascertain if a dividend of profits should be declared in a case where profit could be divided among shareholders. The defendant is a foreign corporation. This court has no facilities or processes sufficient or fitted to compel a foreign corporation to take the proceeding described. It can not bring the officers or the books or the assets of the corporation within its jurisdiction. It must enforce such a judgment, if at all, by proceeding for contempt, and yet there are no persons here whose actions can direct the proceedings of the company. Under such circumstances it is said that a court of equity will not interfere with the internal administration of the affairs of a foreign corporation."

The question now arises whether or not the matters complained of in the plaintiffs' action are such as are certainly those pertaining to the management of the internal business affairs of the defendant company and can only be the subject of the jurisdiction of the courts of New York, the home of the defendant. The leading case on this subject is *Mining Co. v. Field, supra,* and on the point we are now discussing, the Court said: "That where an act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the Board of Directors, that then such action is the management of the internal affairs of the corporation, and in the case of a foreign corporation our court will not take jurisdiction. When, however, the act of the foreign corporation complained of affects the complainant's individual rights only, then our court will take jurisdiction whenever the cause of action arises here."

It seems clear to us that, tried by that test, the matters complained of by the plaintiffs affect J. J. Howard only as a member of the defendant company, that they relate to the internal management of the company, and that if the courts of one State were to undertake to grant to the plaintiff the relief he seeks—an injunction forbidding it to collect or levy any further assessments on their present plan—they would be required to investigate and control that management. The defendant company was incorporated on the assessment plan, and every certificate member (there being no capital stock) becomes an insurer as well as an insured. He is a member of the corporation, and what he complains of is his treatment as a member of the company. The plaintiff does not allege fraud. His complaint is the illegal increasing of his assessments, and his prayer is for an injunction to prevent the collecting of such in the future. There is no alleged fraud against the defendant in procuring the plaintiff to become a member by which he has suffered loss and damage, and the only question was whether the violation of his right affects him individually or as a member of the corporation. We have determined how that was.

It is to be remembered however, notwithstanding what has been said in this case, that our courts would have jurisdiction over foreign corporations where individual rights would be concerned.

If the defendant had perpetrated an actual fraud on the plaintiff J. J. Howard in inducing him to become a member of the corporation, by which he was subjected to pecuniary loss, or if an actual fraud had been perpetrated against him in the levying and collecting of assessments based, for instance, on the reported losses by death which were knowingly false to the directors, in such cases our courts would be open to the plaintiff. So too, if this suit was for the recovery

of the amount due on the policy by the beneficiary, if the defendant had declared the policy forfeited because of a failure to pay the increased assessments, the matter would be in the jurisdiction of our court. In such a suit, the courts would be compelled to pass upon the question as to whether the assessments were illegal and fraudulent, to interpret the policy and to determine whether the amount of the policy could be recovered. In such a suit, the courts of North Carolina would not be required to regulate, by injunction, the internal management of a foreign corporation, but would be called upon simply to enforce the contract of insurance between the parties, or to assess and adjudge damages for its breach.

But the subject matter and the officers of the defendant corporation are beyond the jurisdiction of our courts in this case, and the remedy sought is not in our power to grant. We have not found it necessary to consider the other grounds of demurrer.

In this Court, a motion was made by the counsel of plaintiff to amend the complaint. The amendment prayed for is in substance that the defendant company since the commencement of this action has become a domestic corporation under the provisions of chap. 62 of the Laws of 1899. The amendment involves questions of facts and a matter of law entirely foreign to the case as made up on appeal, and it is on those accounts denied.

The judgment of the court below in sustaining the demurrer is

Affirmed.