STATE ex rel. LAKE SHORE TELEPHONE & TELEGRAPH COMPANY v. F. H. DE GROAT.[1]

November 26, 1909.

Nos. 16,358—(37).

**Mandamus — Meeting of Stockholders.**

Mandamus will lie to compel a resident of this state, the secretary of a domestic corporation, to call a stockholders' meeting pursuant to a by-law of the corporation. Whether such writ can be allowed when the corporation is foreign, quære.

**Same — Foreign Corporations.**

Judgment for a peremptory mandamus should not be granted, upon the relation of a foreign holding corporation, to compel the secretary of another holding and foreign corporation to call a meeting of its stockholders for the purpose of taking action necessary to bring about a change in the articles of incorporation of two other foreign corporations.

Upon the petition of the Lake Shore Telephone & Telegraph Company, a corporation organized under the laws of Wisconsin, an alternative writ of mandamus directed to F. H. De Groat, as secretary of the Zenith City Telephone Company, was issued by the district court for St. Louis county.

It was alleged in the writ that the relator company owned 940 shares, a majority of the 1870 shares of the capital stock of the Zenith City Telephone Company, a Wisconsin corporation; that the defendant secretary resided at Duluth, Minnesota; that the Zenith City Telephone Company was the owner of all the capital stock of the Zenith Telephone Company, a Maine corporation; that the last named company, owned and operated a telephone plant and system at Duluth and owned all the stock of the Peoples Telephone Company; that the Peoples Telephone Company, a Wisconsin corporation, owned and operated a telephone plant at Superior, Wisconsin; that the president and secretary of the relator company neglected to

[1] Reported in 123 N. W. 417.

call the 1909 annual meeting of its stockholders for the day speci-
fied in the articles of incorporation and by-laws, but called it for
the first Monday in February, at two o'clock p. m., and called the
annual meeting of the stockholders of the Zenith City Telephone
Company for ten o'clock a. m. on the first Monday in February; that
at the annual meeting of the Zenith City Telephone Company W. H.
Hubbard, as president of the relator company, voted the 940 shares
of stock owned by relator company in favor of certain directors who
were elected; that at the annual meeting of relator company at two
o'clock p. m. certain directors named were elected; that on Febru-
ary 13, 1909, at a special meeting of the stockholders of relator
company held at Superior, Wisconsin, which was duly called and at
which a majority of the stock was represented, a resolution was
adopted which instructed the directors to make a demand upon the
proper officers of the Zenith City Telephone Company to call a special
meeting of the stockholders of that company as early as possible, stat-
ing in the demand for such special meeting the object thereof; that
the directors be instructed to take such steps as they deemed best
to cause changes to be made in the articles of incorporation and by-
laws of the relator company, of the Zenith City Telephone Company,
of the Zenith Telephone Company and of the Peoples Telephone
Company, so that the annual meetings of the several companies be
held in a certain specified order; that the directors of relator company
be authorized to institute any action or actions that may be deemed
necessary to set aside the illegal action of the so-called annual meet-
ing of the stockholders of the Zenith City Telephone Company and
any actions that may be necessary to remove the present officers and
directors of the Zenith City Telephone Company, the Zenith Tele-
phone Company and the Peoples Telephone Company, and that the
board of directors appoint one of their number to vote stock in the
Zenith City Telephone Company held by relator company; that there-
after at a meeting of directors of relator company held at Duluth
on the same day, which was an adjourned meeting of a regular
meeting of the board, at which a majority of the directors were pres-
ent, pursuant to resolution of the special meeting of stockholders,
the secretary of relator company was directed to prepare and serve

upon the president and secretary of the Zenith City Telephone Company a demand which should follow the instructions of the resolution adopted at the special meeting; that such demand in writing was made and served upon W. H. Hubbard, as president, and F. H. De Groat, as secretary, of the Zenith City Telephone Company; and that said F. H. De Groat had neglected to call said special meeting.

It was also alleged that section 2 of article 2 of the by-laws of the Zenith City Telephone Company read as follows, to wit: "Special meetings of the stockholders may be called by the stockholders, representing ten per cent. (10) of the stock issued, filing with the secretary a written call for such meeting, stating the object and hour. Such meeting shall be held at the regular place." That section 6, article 2, of said by-laws read as follows: "The secretary shall mail to each stockholder at his last known place of residence a written or printed notice of the time and place of holding each annual or special meeting. Such notice shall be mailed ten days prior to the date of such meeting."

The answer of respondent De Groat, inter alia, alleged that the annual meeting of relator company on the first Monday in February, 1909, was called in pursuance of the uniform custom in the year 1905, and subsequent years, and had been acquiesced in and approved by all the stockholders of relator company; that at the annual meeting of the Zenith City Telephone Company 1425 shares out of a total issue of 1862 shares were represented either in person or by proxy; that at that meeting 53 shares voted in favor of, and 1372 shares voted against, a motion to adjourn that meeting until after the annual meeting of the relator company, because the relator company was the owner of a majority of the stock.

Upon the return day of the writ, the matter was submitted upon a stipulation of facts which admitted the special meeting of the stockholders on February 13, 1909, was duly called and transacted the business specified in the writ, and admitted that the special meeting of the board of directors on the same day was duly held and transacted the business specified in the writ. The court, Cant, J., found that relator had no other or adequate remedy at law, or otherwise,

for the enforcement of its rights as to the holding of the special meeting than the remedy of mandamus, and ordered a peremptory writ to issue. From this order, respondent appealed. Reversed.

*A. L. Agatin,* for appellant.

It being a foreign corporation, this court will not interfere in a controversy relating merely to the internal management of the affairs of a foreign corporation. 19 Cyc. 1236, 1238, and cases cited; 26 Cyc. 384, and cases cited. See North State v. Field, 64 Md. 151; Madden v. Electric, 181 Pa. St. 617; Guilford v. Western Union Tel. Co., 59 Minn. 332; People v. Parker, 10 How. Pr. 543; Wilkins v. Thorne, 60 Md. 253; Clark & Marshall, Priv. Corp., §§ 863, 864; In re Rappleye, 161 N. Y. 615; Republican v. Brown, 58 Fed. 644; 19 Am. & Eng. Enc. (2d Ed.) 868; Howell v. Chicago, 51 Barb. 378.

The duty, if any, imposed on appellant is not enjoined by any law of this state, but merely by a by-law of a foreign corporation. It is a duty which he may owe to his corporation, or to the stockholders, not by reason of any law of this state, but by reason of contract relation he bears to the corporation. The by-law of a foreign corporation is a regulation of its own creation and binding on itself and its officers and stockholders. Beyond this it has no force whatever as a law. Can it be seriously argued that the provisions of this by-law impose a duty which this court will recognize as being specially enjoined by the law of this state? Aside from the express limitation of our statute (R. L. 1905, § 4556), the law is well settled everywhere "that the duties which will be enforced by mandamus must be such as are clearly and peremptorily enjoined by law." 26 Cyc. 162, and cases cited; Freon v. Carriage Co., 42 Oh. St. 30; State v. Wilson (Ala.) 45 L. R. A. 772; Bassett v. Atwater, 65 Conn. 355; Republican v. Brown, supra; State v. Icke, 136 Wis. 583.

The stockholders of the Zenith City Telephone Company have no power to instruct the directors of the Zenith City Telephone Company, and in the second place the directors of the Zenith City Telephone Company have no power whatever over the matter of fixing the time of the annual meeting of either the Lake Shore Telephone & Telegraph Company, the Zenith City Telephone Company, the Zenith

Telephone Company, or the Peoples Telephone Company. Obviously, the stockholders of the Zenith City Telephone Company have no power over either the stockholders or the directors or the officers of the Zenith Telephone Company or the Peoples Telephone Company, and the desired instruction to the directors of the Zenith City Telephone Company to change the time of holding the annual meetings of the Zenith and Peoples companies must be just as futile.

The stockholders of the Zenith City Telephone Company have no power or authority known to the law to compel the directors to call a meeting of the stockholders of the Zenith Telephone Company or of the Peoples Telephone Company, nor can they specify any particular business which those companies may or shall transact at any meeting which those companies themselves may call.

What the relator really seeks can be accomplished not by this mandamus, but by and through the action of the board of directors of the Zenith City and the other corporations. The proper remedy clearly is to elect a new board of directors, which will carry out the will of the majority of stockholders. This may be done at the next annual election to be held on the first Monday in February, 1910. It nowhere appears that any injury or damage will result to relator by waiting until that time. Hence, whatever end the stockholders want to accomplish, they must seek it through the board of directors, of their own choosing. Their remedy is not by mandamus here, but by the election of a new board at the regular annual meeting. Since there is nothing in the record to show that the relator may suffer any irreparable or other damage by this short delay, it should be left to seek the desired end in the ordinary course of action, and in accord with the law governing the management of these corporations.

*Harlan P. Roberts,* for respondent.

It will be conceded that the corporation itself is not a party defendant nor a necessary party defendant; the only defendant is a resident of the state of Minnesota. The corporation as such is not being attacked, and there is no attempt to get a judgment that will affect the corporation in any manner whatever. It is simply a pro-

ceeding directed against an individual residing in Minnesota who holds an office in a Wisconsin corporation, who cannot be reached by the Wisconsin courts. He refuses to perform a duty which he owes to the relator as a stockholder in the company in which he is an officer, and the relator seeks to compel him to perform his ministerial duty. The cases cited by appellant for the purpose of showing the lack of jurisdiction are all cases where the corporation itself was a party defendant, and there are many of the cases that are not considered good law even in Minnesota. No better authority in support of the position of the respondent here as to the right to invoke the aid of the Minnesota court can be found than the case of Guilford v. Western Union Tel. Co., 59 Minn. 332. See also Bassett v. Atwater, 65 Conn. 355; Swift v. Richardson, 7 Houst. (Del.) 338.

The stockholders are seeking to obtain a meeting which can be called by the secretary. The only person authorized to send out notices of a meeting is the secretary; a call issued by anyone else, or a notice sent out by any one else, would be invalid and would not be a basis for a valid meeting. The secretary resides in Minnesota; the courts of Wisconsin have no jurisdiction to compel him to act. If the stockholders of the Wisconsin corporation are to obtain their right in any court, it must be in the Minnesota courts. We challenge the counsel to produce a single case where the courts have closed their doors to a litigant who is in a situation that the relator is in in this case.

Respondent does not know of any principle that gives to a by-law of a foreign corporation any different force in a local court than the by-law of a domestic corporation. A by-law of a domestic corporation is a duty enjoined by law, and a by-law of a foreign corporation when properly pleaded has the same force in any court in the United States where it is cited as the by-law of a domestic corporation.

O'BRIEN, J.

The relator, the Lake Shore Telephone & Telegraph Company, is a Wisconsin corporation, and the owner of a majority of the capital stock of the Zenith City Telephone Company, a corporation also organized under the laws of Wisconsin, and which owns nearly all the

stock of the Zenith Telephone Company, a corporation organized under the laws of Maine, and operating a telephone system in Duluth, Minnesota, and holding as owner a majority of the stock of the Peoples Telephone Company, a Wisconsin corporation operating a telephone system in Superior, in that state. The legality of these stock holdings is not questioned.

For the purpose of making its control of the three last-named companies effective, the relator delivered to the president and secretary of the Zenith City Telephone Company a written demand, pursuant to the by-laws of that company, that a special meeting of the stockholders be called. Instead of complying, a special meeting of the directors of Zenith City Telephone Company was held, at which it was resolved not to accede to the request. Thereafter proceedings in mandamus to compel the calling of the meeting were instituted against F. H. De Groat, a citizen of St. Louis county, in this state, and secretary of Zenith City Telephone Company. After a trial, judgment was rendered that a peremptory writ issue, commanding De Groat, as secretary, to call a meeting of the stockholders of Zenith City Telephone Company for the consideration of the following business:

"First. The instruction of the directors of the Zenith City Telephone Company to take such steps, by way of amendments to the articles of incorporation and by-laws of the various corporations hereinafter set forth, so that the annual meetings of the stockholders of said corporations shall be held in the following order: First, the annual meeting of the Lake Shore Telephone & Telegraph Company; second, the annual meeting of the Zenith City Telephone Company; third, the annual meeting of the Zenith Telephone Company; fourth, the annual meeting of the Peoples Telephone Company.

"Second. The giving of instructions to the directors of the Zenith City Telephone Company as to the policy to be pursued in the management of the Zenith Telephone Company and the Peoples Telephone Company.

"Third. The transaction of any business of interest or importance to the stockholders of the Zenith City Telephone Company.

"Fourth. The giving of instructions to the directors of the Zenith

City Telephone Company, or to any other person to call a special meeting of the stockholders of the Zenith Telephone Company, and of the Peoples Telephone Company, or either of them, for the purpose of amending the articles of incorporation of said companies, or either of them, to bring about the purposes set forth in the first item of business hereinabove set forth, or the making of any other amendments that may be deemed important; also the authorizing of any stockholder in the Lake Shore Telephone & Telegraph Company, or such other person as may be selected at said meeting of the Zenith City Telephone Company, to cast the vote upon the stock of the Zenith Telephone Company, held by the Zenith City Telephone Company, at any meeting of the stockholders of the Zenith Telephone Company hereafter held, whether said meeting be a special meeting or a regular annual meeting, to be hereafter held, it being understood that there will be presented at the special meeting of the stockholders of the Zenith City Telephone Company, a proposition that the stockholders of the Zenith City Telephone Company at that meeting authorize some other person than its own directors or president to vote the stock of the Zenith Telephone Company, owned by the Zenith City Telephone Company, at all subsequent meetings of the stockholders of the Zenith Telephone Company."

This appeal is from the judgment so entered.

1. The appellant claims that, under the provisions of section 4556, Revised Laws of 1905, the writ of mandamus will not lie to compel the performance of an act which is imposed as a duty upon one, not by the laws of a state, but only by a by-law of a corporation. The statute reads that the writ may issue "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." It was held by the supreme court of Connecticut (Bassett v. Atwater, 65 Conn. 355, 32 Atl. 937, 32 L. R. A. 575) that the office of secretary of a corporation and the performance of the duties of that office constituted, under the statute of that state, an office and trust, within the meaning of the statute regulating proceedings in mandamus, and that such secretary could be compelled to call a meeting of the stockholders of a corporation when a sufficient demand was made upon him, as provided in the by-laws

of the corporation. The cases referred to in the note attached to this decision, as printed in 32 L. R. A. 575, seem to hold in harmony with it.

If the Zenith City Telephone Company were a domestic corporation, there would be no doubt as to the propriety of the remedy sought. Subdivision 8 of section 3171, Revised Laws of 1905, gives the district court authority to cause a meeting of the managing board, stockholders, or members of a corporation to be held, when deemed necessary for the preservation of its property or protection of its interests. To this end it is clear that the district court could, in furtherance of the powers vested in it, compel the proper officer of a domestic corporation, subject to the visitorial powers of the state, to call a meeting of the stockholders; and, while its right to do so may not rest upon the existence of a by-law providing for a call, the fact that such a by-law in fact existed would be taken into consideration by the court in determining what its action should be. The writ of mandamus is not one of right, but is an extraordinary legal remedy, which the court may use in its discretion in furtherance of justice. State v. U. S. Express Co., 95 Minn. 442, 104 N. W. 556. We do not think that, even in the case of a domestic corporation, the existence of a by-law providing for a meeting upon demand of a certain number of stockholders deprives the court of its discretion in directing a mandamus to compel an officer to call a meeting; but we have no doubt that the remedy is a proper one in the case of a corporation organized under the laws of this state.

2. If the act sought to be compelled amounts to the regulation of the purely internal affairs of a foreign corporation, the courts of this state will assume no jurisdiction of the subject. Guilford v. Western Union Tel. Co., 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407. The relator insists that the desired action does not fall within this rule; that it, as the owner of the majority of the stock, has a clear right to insist that the secretary of the corporation, a citizen and resident of Minnesota, perform the duty imposed upon him by the by-laws; that this is not a regulation of the internal affairs of a corporation, as the court is not called upon to say what the ultimate action of the stockholders must be; that it is analogous to the situa-

tion where, although the court will not attempt to control the discretion of an officer, it will compel him to exercise the discretion with which he is vested. If calling a meeting of the stockholders of the Zenith City Telephone Company, a corporation organized under the laws of Wisconsin, is not an act regulating, or dealing, or having to do solely with the internal management of that and the other corporations mentioned in the judgment, the contention of the relator is sound.

Both parties to this appeal appear to rely upon the decision of this court in Guilford v. Western Union Tel. Co., supra. That was a case in which a citizen of Minnesota was permitted to maintain an action in the courts of this state to compel the issuance to him by the Western Union Telegraph Company, a foreign corporation, of certain shares of its stock in lieu of certain shares which it had duly issued to plaintiff's assignor, and which had been lost. It was a case in which, while the plaintiff's rights arose out of his membership in the corporation, he had, as against the corporation, an individual claim and demand. The opinion in that case affirmed the doctrine "that courts will not exercise visitorial powers over foreign corporations, or interfere with the management of their internal affairs," and gave a number of instances of what would be such interference— amongst others, "who, of rival claimants, are its legal officers."

In North State v. Field, 64 Md. 151, 20 Atl. 1039, it was attempted to formulate a statement defining what was and what was not the regulation of internal affairs of a corporation: "That where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting, or through its agents, the board of directors, that then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation our courts will not take jurisdiction."

This statement of the law was accepted by the supreme court of Pennsylvania in Madden v. Electric Light Co., 181 Pa. St. 617, 37 Atl. 817, 38 L. R. A. 638, and was evidently referred to by this court in the opinion in Guilford v. Western Union Tel. Co., supra, where,

at page 341 of 59 Minn., page 325 of 61 N. W. (50 Am. St. 407), after summarizing that statement, it is said: "We think there are cases, and that this is one of them, where, although the rights of a party grow out of his membership in the corporation, yet, as the matter affects only his individual rights under the contract by which the stock was issued, therefore an enforcement of those rights will not be an interference with the internal management of the corporate affairs within the meaning of the rule." This modification is in harmony with the weight of authority. Thus a court will compel the officers of a foreign corporation, having in their possession within the state the books and records of the company, to open them in a proper case, for the inspection of a stockholder. Richardson v. Swift, 7 Houst. (Del.) 137, 30 Atl. 781; State v. Lazarus, 127 Mo. App. 401, 105 S. W. 780.

In Selover v. Isle Harbor Land Co., 91 Minn. 451, 98 N. W. 344, this court held that an action might be maintained in Minnesota to compel a South Dakota corporation to issue and deliver to the plaintiff, a citizen of Minnesota, a certain proportion of its common stock pursuant to the provisions of a valid contract to that effect.

In all of these cases the claimant's rights depended upon his membership or right of membership in the corporation and his claim was directed against the corporation, and to a greater or less extent affected the rights of the corporation and its members. But in each instance he was asserting an individual property right, except, perhaps in those cases in which an inspection of the books has been compelled, and in those cases not only the officers having the custody of the books, but the books themselves, were within the state the courts of which exercised jurisdiction. The statement found in 19 Cyc. 1238, is in harmony with all these cases: " * * * Upon the question what acts of a foreign corporation are within this rule, and what without it, the distinction has been taken that, where the act affects one solely in his capacity as a member, he must seek redress of his grievance in the courts of the state or country creating the corporation; but, where the act affects his individual rights, he may demand redress of any tribunal where jurisdiction may properly be acquired." It must be remembered, also, that the relator is

not a citizen of Minnesota, seeking redress for an individual wrong or asserting an individual property right, but is a foreign corporation, asking that a court of this state exercise its discretion in granting it this extraordinary remedy to compel the officer of another foreign corporation to perform a duty imposed upon him by its by-laws.

In the writer's opinion, the relator in this proceeding is attempting to assert only the right which a member has in the management of the affairs of a corporation. Its right is in proportion to its stock holding, no greater and no less, and no different from that of any other member. It entirely grows out of and depends upon his membership in the corporation. The calling of a stockholders' meeting is the first step necessary in an attempt to change the time for the annual meeting of three foreign corporations, for instructing the directors of a foreign corporation as to the business policy to be pursued in its affairs, for amending the articles of incorporation of one or all of the three foreign corporations mentioned in the writ, and which it claims the right to control. These are regulations of internal affairs, in which each stockholder, as well as each corporation, is vitally interested, and each step in the proceeding is such regulation to a greater or less extent. It is only by arguing that the judgment of the court is not effective that the conclusion can be reached that the court is not called upon to enforce, as between each other, the claims of rival stockholders in a foreign corporation.

In Guilford v. Western Union Tel. Co., supra, one of the contentions stated to be clearly beyond the power of the court was, in a foreign corporation, "who, of rival claimants, are its legal officers." Here we have the contention as to which of rival claimants shall control its policy. If this was an action to test the appellant's right to hold the office of secretary, it would fall within the class of cases which this court said were beyond the power which the courts of this state would attempt to exercise, and to say in what manner he shall perform the duties of his office is equally outside the visitorial power of this state. The Zenith City Telephone Company was created and exists under the laws of Wisconsin, and is subject to the laws of that state. The election of a secretary, who resides in Minnesota, does not prevent the state authorizing the corporation from exercising

any visitorial or other power over the corporation which it possesses; nor can those powers be increased by the laws or judicial procedure of this state.

3. A majority of the members of this court are unwilling to hold at this time that in no case will the courts of this state compel, by mandamus, a resident of this state, who is the secretary of a foreign corporation, to perform the ministerial duty of calling a meeting of the stockholders; but we all agree that the district court was without power to direct the transaction of the business by the various corporations set out in the judgment, particularly when this extraordinary power of the court is invoked by a corporation for the confessed purpose of controlling the affairs of other corporations foreign to this state, and which are not parties to this action.

Judgment reversed.