ANDREW L. GERE and Others v. RUSSELL R. DORR and Others.[1]

April 28, 1911.

Nos. 17,040—(55).

**Jurisdiction of court — injunction against officer of foreign corporation — cancellation of stock.**

The courts of this state have jurisdiction in an action in equity brought by resident stockholders, who were fraudulently induced to subscribe for stock in a foreign corporation by the promoter and an officer thereof, to enjoin him from parting with stock fraudulently issued to him without consideration.

**Same.**

Such a proceeding is not an interference with the management of the internal affairs of the corporation.

Action in the district court for Hennepin county in behalf of all stockholders in defendant corporation, to adjudge fraudulent and to cancel certain shares of stock issued to Russell R. Dorr and Bryan R. Dorr, respectively, and to enjoin defendant directors and officers of the Columbia River Orchard Company from allowing either of said persons to vote the stock. The complaint alleged that defendants incorporated the Columbia River Orchard Company under the laws of Arizona for the purpose of fraudulently obtaining money by sale of stock, and then controlling and monopolizing the corporation for their own personal benefit; that with this object in view the articles of incorporation provided for a board of three directors, consisting of themselves, until their successors were elected; that, in violation of the laws of Arizona, the articles failed to fix the times

[1]Reported in 130 N. W. 1022.

for the election of officers and directors, but provided that the directors should adopt by-laws and fix the time for the annual meeting and election; that they had omitted for three years to call any such meeting and no such meeting had been held; that they had kept themselves permanently in control, and had rendered no full or intelligible report of receipts and expenditures; that the by-laws adopted by them authorized the board to sell any of the corporate property and to incur indebtedness; that defendant Russell R. Dorr sold twenty-five thousand shares of stock to plaintiff and others, for which he had received in payment the sum of $25,000 in money or property, and for each share sold said Dorr received one share of stock; that no consideration whatever was paid for the shares thus issued to him; that five hundred shares were issued to Bryan R. Dorr, without valuable consideration; that $2,000 had been paid to R. R. Dorr without consideration; that twenty-five thousand shares of stock were issued to him upon a so-called stock dividend; that $2,000 had been expended in part payment for land in Washington, and the balance of the funds received on the sale of the twenty-five thousand shares sold to bona fide purchasers had been squandered by defendants; that appellant falsely represented, when selling stock to plaintiffs, that all funds to be used for purchase and development of corporate property would be raised by sale of stock, but after he had obtained control of the stock, his intention was to raise more funds by mortgage bonds, and as soon as he had secured control of the stock, defendants passed a resolution to issue bonds to the amount of $20,000, "for the purpose of paying off its floating and secured indebtedness;" that defendant Russell R. Dorr attempted to sell such bonds in such a way as to assure appellant's complete control of the property of the company.

From an order, Olin B. Lewis, J., overruling defendant's demurrer to the complaint, Russell R. Dorr appealed. Affirmed.

*O'Brien, Young & Stone,* for appellant.

*Savage & Purdy,* for respondents.

LEWIS, J.

A demurrer to the complaint, on the ground that it did not state

114 M.—16.

facts sufficient to constitute a cause of action, was overruled by the court below. The action is in equity, brought by certain stockholders, on behalf of all stockholders, against the Columbia River Orchard Company, Russell R. Dorr, its president and treasurer, B. R. Dorr, its secretary, and W. E. Bramhall, all of whom constituted the board of directors, for the purpose of procuring judgment that fifty thousand shares of stock of the company, which had been issued to R. R. Dorr, and one thousand shares issued to B. R. Dorr, were fraudulently issued, and to restrain the officers from voting the stock, and that it be canceled and surrendered to the company.

The corporation was organized under the laws of Arizona, and at the time of the commencement of the action was not transacting any business in this state, and had no office therein. Attempted service was made on the company, but it was set aside, and demurrers to the complaint by defendants B. R. Dorr and W. E. Bramhall were sustained. The demurrer by R. R. Dorr was overruled. The objection urged by him against the complaint is that the relief sought, conceding the facts stated to be true, will necessarily constitute an interference with the internal affairs of the corporation, and that the state is powerless to confer jurisdiction upon the courts of this state with reference to the subject-matter.

In the case of Guilford v. Western Union Tel. Co., 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407, the rule was recognized that courts will not exercise visitorial powers over foreign corporations, or interfere with the management of their internal affairs, and two important cases were reviewed and distinguished. The principle was also considered in State v. De Groat, 109 Minn. 168, 123 N. W. 417, 134 Am. St. 764, and the leading case of Madden v. Electric Light Co., 181 Pa. St. 617, 37 Atl. 817, 38 L.R.A. 638, was referred to. The supreme court of Pennsylvania held that the leasing by a foreign corporation of its property and franchises for an inadequate rental, with respect to the consequent depreciation of it, constituted the management of its internal affairs, and that the local court could not entertain jurisdiction to compel the taking of bids. The cases are collected under section 6742, Thompson, Corporation (2d Ed.).

We are not prepared to state whether all of those cases would altogether meet with the approval of this court; but we believe they are distinguishable in principle from the case before us. At least, we do not find that a similar state of facts was ever before presented. So far as developed, the rule seems to be that where no question is involved as to the object and good faith of the incorporators, and residents of one state in good faith become stockholders of a foreign corporation, they cannot question in a local court the acts of a corporation which involve their relation as stockholders in the corporation, while acting through its board of directors or stockholders. The validity of such acts must be tested by the laws of the incorporating state, and the interpretation of those laws and the validity of the corporate powers attempted to be exercised thereunder, unless otherwise provided, are limited to the courts thereof.

It is charged that appellant, a resident of this state, for the purpose of obtaining money from the plaintiffs, entered into a conspiracy with other persons to organize the corporation for the fraudulent purpose of securing fifty thousand shares of the stock without consideration; that it never was the intention to purchase lands and cultivate them in good faith for the benefit of the plaintiffs, although that was represented by him to be the purpose when they subscribed for stock. If the plaintiffs parted with their money on account of such representations, and if by such means appellant secured control of the corporation to the detriment of the plaintiffs, they and the other stockholders are entitled to some relief. The purpose of this action, in part, is to prevent appellant from parting with the stock. The courts of this state have jurisdiction as against him for that purpose, even if no jurisdiction exists as to the corporation or the nonresident defendants. It is a personal matter between the appellant and the plaintiffs, and this proceeding is not an interference with the management of the internal affairs of the corporation.

Affirmed.