## CARL C. VAN DYKE v. RAILWAY MAIL ASSOCIATION and Others.[1]

### July 5, 1912.

### Nos. 17,585—(174).

**Foreign corporation.**

> The rule that the courts of one state have no jurisdiction of an action wherein the relief demanded involves an interference with the internal affairs of a foreign corporation followed and applied.

Action in the district court for Ramsey county to adjudge void the order of the insurance commissioner of New Hampshire mentioned in the opinion; that the association and its officers be enjoined and perpetually restrained from enforcing the order and that the association and its secretary be ordered by judgment of court to notify members of the Tenth division that the commissioner's order is of no force or validity. From an order, Hallam, J., denying plaintiff's motion for a temporary injunction restraining defendants from enforcing the order during the pendency of the action, plaintiff appealed. Affirmed.

*Frank E. McGray* and *W. B. Douglas,* for appellant.
*O'Brien, Young & Stone,* for respondents.

BROWN, J.

The defendant Railway Mail Association is a corporation organized under the laws of the state of New Hampshire, with its managing officers and principal place of business in that state. The purposes of the corporation, as stated in its articles of association, are to promote the closer relationship among railway postal clerks, and enable them by concerted action to better the service in which they are employed, and to provide pecuniary relief and assistance to the members and their families, when the members are, by reason of sickness,

[1] Reported in 137 N. W. 15.

temporary or permanent injury, or old age, rendered incapable of work. The association is composed entirely of men employed in the United States railway mail service, and is divided, for convenience in the management of its affairs, into divisions corresponding with the divisions in the mail service, as classified and arranged by the Federal postal authorities. Defendant Wood is the secretary of the association and resides in the state of New Hampshire. The constitution of the association authorizes the several divisions to elect their own officers, to conduct and manage the affairs of the division, and to adopt rules prescribing eligibility to membership not inconsistent with the constitution of the association. The divisions may also levy assessments and dues, the payment of which is essential to the retention of membership in the association. The divisions are all subordinate branches of the parent corporation, and the rules and regulations made by them must conform to and be not inconsistent with the constitution of the association.

The Tenth division of the association embraces the states of North and South Dakota, Minnesota, Wisconsin, and a part of the state of Michigan. Subsequent to the organization of the association the members thereof residing within that territory formally organized that division as authorized by the constitution. A by-law was enacted fixing the dues of the members at fifty cents per year. Dues and assessments payable to the association itself are fixed by the constitution, and the payment of benefits for injury or death of members is solely under its control and authority. The dues prescribed by the division just referred to go to defray, as we understand the matter, the expense of the division, and do not go into the treasury of the association. The division also elected officers authorized by the association, and plaintiff in this action was elected or appointed to the office of "Chairman of the Welfare Committee of the Tenth Division." Some time thereafter the members of this division amended their by-laws by providing a salary of $1,500 per year for this officer and increasing the division dues from fifty cents to three dollars per year, for the purpose of raising a fund to meet the salary so provided for.

Certain members of the division, claiming that these changes in the division by-laws were unauthorized, complained thereof to the

association, and objected to the enforcement of the same. The association, acting through defendant Wood, secretary, and other officers, submitted the matter to the insurance commissioner of New Hampshire for decision. The insurance commissioner, holding that the association was essentially an insurance company, entertained the matter and ruled that the division had no authority to make the change, and that the failure of members to comply therewith, by refusing to pay the increased dues, would not in any way affect their rights as members. And he directed that his order in the premises be "carried into effect." Upon the promulgation of this order, the secretary of the association, acting under authority, directed the division treasurer, whose duty it was to collect all assessments and dues, to refrain from collecting in the future the increased dues. As a result of the order of the insurance commissioner and that of the secretary of the association, members have ceased paying the additional assessment, and the fund for the payment of the salary provided for has been exhausted.

As heretofore stated, plaintiff is the duly elected and acting chairman of the welfare committee of the Tenth division of the association, and in his complaint sets out, in addition to the foregoing facts, that the decision of the New Hampshire insurance commissioner was without authority or jurisdiction, and the result of a conspiracy between certain railroad officials, members of the Federal postoffice department, and officers of the association, including defendant Wood, to deprive plaintiff of the rights conferred upon him by the amended division by-laws. The complaint also alleges and points out the services rendered by plaintiff and value thereof to the association members, and demands judgment: (1) That the order of the insurance commissioner be adjudged void and of no force or effect; (2) that the association and its officers be enjoined and perpetually restrained from enforcing the order; (3) that the association and its secretary, defendant Wood, be ordered by the judgment of the court to notify the members of the Tenth division that the commissioner's order is of no force or validity, and (4) for other and further relief, etc.

Defendant association appeared in the action and interposed a general demurrer to the complaint. Defendant Wood, not having been

served with the summons, made no appearance. Upon the complaint. and affidavits, plaintiff applied to the court below for a temporary injunction restraining the enforcement of the commissioner's order pending the final determination of the action. The motion was denied, and plaintiff appealed.

The only question presented is whether the action, if sustained,. and the relief demanded be granted, involves an interference by the courts of this state with the internal affairs of a corporation of the state of New Hampshire. The learned trial court held that such was the effect of the action, and upon that ground denied the temporary relief. We concur in that conclusion.

It was argued by appellant that the subject of the controversy was. not within the authority or jurisdiction of the insurance commissioner, and therefore that his order in the premises was a nullity. This argument is predicated upon the contention that the association. is not an insurance company, hence a corporation over which the insurance commissioner had no jurisdiction. Whether this position be wholly or partly correct we need not determine.

While it is clear that the matter of pecuniary protection to the members is an important feature of the association, it occurs to us. that a determination of the question of the authority of the insurance commissioner is not of serious importance. The fact remains that: he issued the order referred to, and the association, through its officers,. has accepted the same and proposes and intends to enforce it. To compel the association to disregard the order, and refrain from enforcing it, as the officers thereof are doing, would clearly interfere with the affairs of the corporation. It is not a question of the individual rights of plaintiff, but solely whether the association shall be required to enforce the division by-laws and conduct its affairs in harmony therewith. And since the officers of the association have determined, whether upon good or bad advice, that the action of the division was unauthorized, and that it will not enforce the same, the courts of this state are without power to issue to the association or any of its officers an order that the affairs thereof be conducted in accordance with its directions. To do so would clearly amount to an intermeddling with the affairs of a foreign corporation.

Nor are we required to determine the validity or the invalidity of the by-laws; for, even though valid, it appears that the association, through its officers, refuses to enforce them, and the same result follows, namely, that the courts of this state are powerless to act. So that, whichever view be taken of the question, we return to the fact that the result of the action, if plaintiff be granted the relief demanded, is an interference with the affairs of a foreign corporation, by commanding its officers to pursue a particular policy.

The authorities fully support this conclusion. State v. De Groat, 109 Minn. 168, 123 N. W. 417, 134 Am. St. 764; Richardson v. Clinton, 181 Mass. 580, 64 N. E. 400; Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. 284, 19 An. Cas. 74; Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407; Clark v. Mutual, 14 App. Cas. (D. C.) 154, 43 L.R.A. 390; Edwards v. Schillinger, 245 Ill. 231, 91 N. E. 1048, 33 L.R.A.(N.S.) 895, 137 Am. St. 308; Sloan v. Clarkson, 105 Md. 171, 66 Atl. 18; Howard v. Mutual, 125 N. C. 49, 34 S. E. 199, 45 L.R.A. 853; Wason v. Buzzell, 181 Mass. 338, 63 N. E. 909. The case of Gere v. Dorr, 114 Minn. 240, 130 N. W. 1022, does not sustain plaintiff's position, and is not in point.

Order affirmed.