MAX TASLER AND OTHERS v. PEERLESS TIRE COMPANY AND OTHERS.[1]

November 14, 1919.

No. 21,445.

**Corporation — misapplication of funds — appointment of receiver.**

1. Where those in charge of the management of a corporation misapply the corporate assets and divert them to their own private use, a minority stockholder may maintain action to compel restoration, and to restrain such misconduct in the future, and, as incident to such relief may, in a proper case, procure the appointment of a receiver.

**Action in Minnesota when corporation is organized elsewhere.**

2. Such an action may be maintained in this state against officers transacting the corporate business in this state, though the corporation is a foreign corporation.

**Authority of receiver.**

3. Failure of the court to limit, by order, the authority of the receiver to possession and control of assets within this state, does not oust the court of jurisdiction.

[1]Reported in 174 N. W. 731.

**Appeal and error — no reversal when points first raised on appeal.**

4. Where the place of business of the corporation is in this state and there is no showing of assets elsewhere, and the point is raised for the first time on appeal, this court will not reverse the case because of the failure of the trial court to so limit its order.

Action in the district court for Hennepin county. The facts are stated in the opinion. Defendants' demurrer to the complaint was overruled. From an order, Jelley, J., appointing George R. Smith temporary receiver of defendant corporation, defendants, except N. W. White and G. L. Hicks, appealed. Affirmed.

*C. M. Hertig* and *W. D. Scott,* for appellants.

*Arthur Schaub* and *R. H. Fryberger,* for respondents.

Hallam, J.

The complaint alleges that the defendant Peerless Tire Company was organized under the laws of South Dakota; that the office and principal place of business of the corporation are located in Minneapolis, Minnesota; that plaintiffs are the holders of preferred stock in the corporation; that defendant Hicks is the secretary; Meek, the president; Fay, the treasurer, and Scott, the vice president, of the corporation, and the other defendants are past officers and business managers of the corporation; that said defendants organized the corporation for the purpose of defrauding plaintiffs and other stockholders and obtaining from them money for stock with the purpose of using it for their private benefit. That they represented to plaintiffs and other persons that all money paid in would be used in buying automobile tires and selling them at a profit, and that the corporation was doing a paying business and earning profits in buying and selling tires; that, in fact, said defendants sold 2,300 preferred shares receiving $23,000; that but a small amount of this was ever invested in tires, but that the larger portion was wrongfully and fraudulently used by defendants for their private use; that defendants issued 6,000 shares of common stock, for which the corporation received nothing; that, while misappropriating funds of the corporation, defendants were representing to plaintiffs that the funds were invested for the benefit of the corporation and that dividends were being earned, and dividends of 1 per cent per month were paid for nearly a year, but no

dividends were in fact earned, and that the corporation is now barely solvent; that defendant will, unless restrained, dispose of all the property of the corporation for the private benefit of defendants, and that, if they are allowed to further despoil the corporation as they are about to do, there will not be sufficient funds to pay the creditors of the corporation and that the preferred stock will be a complete loss.

The relief asked for is: First, that defendants account for the management and disposition of the funds and property of the corporation at any time in their charge; second, that they be required to repay all funds and the value of all property wrongfully transferred to them or wrongfully wasted by them; third, that the court remove the defendant officers of said corporation; fourth, that the court appoint a temporary receiver to take charge of the business of defendant corporation until proper officers have been elected by the corporation; fifth, that the court make an order restraining any alienation of the property of the corporation; and, sixth, such other relief as the court may deem just and equitable.

After a hearing, the court, in April, 1918, made an order restraining defendants from alienating or in any way interfering with the property of the corporation and appointing a receiver to take possession of the property, money, books of account, stock subscription books and other records of the corporation. In April, 1919, defendants, except White, now deceased, and Hicks, not served with process, appealed from the order appointing a receiver.

1. The only point presented in defendants' original brief was that the court was without jurisdiction to make the order appointing a receiver because defendant corporation is a South Dakota corporation. It was urged that "there is as entire a lack of jurisdictional facts, as in the case where an administrator is appointed of the estate of a living person." We do not sustain this contention. The complaint stated a cause of action. It alleged that those in charge of the management of the corporation are misapplying the corporate assets and diverting them to their private use, and it asked that the defendants make restoration of the corporate funds and assets and that they be restrained from such misconduct in the future, and, as an incident to such relief, asked for the appointment of a receiver. If this were a domestic corporation no one would

doubt that minority stockholders may maintain such an action, and, upon a sufficient showing, obtain such relief. Jones v. Morrison, 31 Minn. 140, 16 N. W. 854. If the facts are as alleged in the complaint, it was the duty of the corporation itself to seek redress of the wrong. The alleged wrongdoers include the managing officers and apparently the majority of the stockholders of the corporation. An application to them to bring suit against themselves would be futile and such application is not required. The minority stockholders may themselves sue. Rothwell v. Robinson, 39 Minn. 1, 38 N. W. 772, 12 Am. St. 608.

2. Nor do we doubt that such an action may be maintained though the corporation is a foreign corporation. The courts of this state have no "visitorial powers" over foreign corporations. They have no jurisdiction to interfere with their "internal management," that is, they could not enforce forfeiture of charter, nor removal of officers, nor could they exercise authority over corporate functions, nor direct the manner of the transaction of the corporate business. These powers belong only to the state which created the corporation. Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407; State v. De Groat, 109 Minn. 168, 123 N. W. 417, 134 Am. St. 764; Van Dyke v. Railway Mail Assn. 118 Minn. 390, 137 N. W. 15, Ann. Cas. 1913E, 455; North State Copper and Gold Mining Co. v. Field, 64 Md. 151, 20 Atl. 1039; Republican Mountain Silver Mines v. Brown, 58 Fed. 644, 7 C. C. A. 412, 24 L.R.A. 776. But where a foreign corporation locates itself in this state and its managing officers are within this state, the courts of this state have jurisdiction to compel such officers to make restoration of assets unlawfully diverted by them and to restrain them from further unlawful diversion of assets. This is not the exercise of visitorial powers over the corporation, nor is it interference with the management of its internal affairs. The complaint in this case asks some forms of relief which the court could not grant, but this did not destroy the cause of action well pleaded. "It is a general rule of pleading that a party does not lose the benefit of matter pleaded by asking for it a greater effect than it is entitled to." Townsend v. Minneapolis Cold Storage & F. Co. 46 Minn. 121, 124, 48 N. W. 682, 683.

3. Nor is there any doubt that as an incident to the granting of such relief the court may appoint a receiver. Our statutes authorize the courts

of this state to appoint receivers to take charge of the assets of foreign corporations within the state, G. S. 1913, § 7892, and they would possess this power without any statute. See Rittle v. J. L. Owens Mnfg. Co. 136 Minn. 93, 161 N. W. 401. Our courts have no jurisdiction to empower receivers of foreign corporations to take charge of assets of the corporations which are situated outside of the state. The court did not, in its order, limit the authority of the receiver to the control of assets in this state. We are not advised as to whether the corporation has assets elsewhere. The record is silent on the subject. Its place of business is in this state. There is no presumption, so far as we know, of assets beyond our jurisdiction. If the corporation has assets in any other state, the order appointing the receiver should have limited his authority to the administration of assets within this state. But, if there are such assets, this omission did not go to the jurisdiction of the court to make the appointment. The court had jurisdiction of the case and jurisdiction to appoint a receiver with appropriate powers. Failure to charge the receiver to take possession only of assets within the state did not oust the court of jurisdiction in the premises, nor did it affect the validity of the appointment of the receiver insofar as concerns assets within this state.

4. In a reply brief defendants urge that the order appointing a receiver should be reversed, because of this failure of the court to limit the powers of the receiver to possession and control of assets within this state. If this point had been seasonably urged and upon a showing of existence of corporate assets in some other state, we should have been obliged to sustain it. But so far as we can discover from the record it was not raised at any stage of the case until the reply brief in this court. There is no showing that the omission was a material one. We are not disposed to reverse the trial court on a point so tardily presented and with no showing that the corporation, in fact located in this state, has any property elsewhere. If it has, defendants may still apply to the district court for a proper modification of the order appointing the receiver, and the application will doubtless be granted.

Order affirmed.