## CARL WILHELM OLSEN v. DANISH BROTHERHOOD IN AMERICA AND OTHERS.[1]

July 22, 1921.

No. 22,221.

**Mutual benefit association — change of rates an internal affair.**

1. Changing rates of assessments and benefits in a fraternal beneficiary association pertains to the management of its internal affairs.

**Foreign corporation — regulation of internal affairs — complaint demurrable.**

2. Courts refuse to entertain actions which interfere with or attempt to regulate the management of the internal affairs of a foreign corporation. Hence the complaint herein, which shows that the action is brought by plaintiff in his own behalf and in behalf of the other members of the defendant corporation, a fraternal beneficiary association incorporated under the laws of Nebraska, to enjoin said defendant and its officers from enforcing changes made in the assessment rates and benefits of the association, was demurrable.

Action in the district court for St. Louis county to restrain defendants from making certain amendments in the constitution and by-laws of the Danish Brotherhood in America. An application for a temporary injunction was denied. Defendants' demurrers to the amended complaint were overruled, Dancer, J. From the order overruling the demurrers, defendants appealed. Reversed.

*Greene & Forbes,* for appellants.

*James A. Wharton,* for respondent.

HOLT, J.

Appeal from an order overruling a demurrer to an amended complaint, the questions involved being certified as doubtful.

It will not be necessary to set out the lengthy pleading, in view of the ground upon which we dispose of the appeal. The substance of the

[1]Reported in 184 N. W. 178.

allegations only need be mentioned and are these: That the defendant corporation is a fraternal beneficiary association organized and existing under the laws of Nebraska, the other defendants being the officers of a subordinate lodge of the association at Duluth; that plaintiff is a member in good standing and holds a membership benefit certificate issued by the association; that the association has been authorized to do business in this state; that at a convention of the association it undertook to change its by-laws, radically altering the membership assessments and the benefits, and that these changes were not made in accordance with the constitution or by-laws of the association and were not made so as to comply with a certain Nebraska statute pleaded. Plaintiff alleges that he brings the action "in his own behalf and in behalf of other members of said order;" that defendants are about to promulgate and enforce said changes and amendment and thereby irrevocably destroy the vested rights and equities of plaintiff, and other members of said order; "that said amendment and change in their contract of insurance will impose increased rates, liens, charges, and in some cases of loss of death benefit; will impair the value of certificates and deplete the present surplus funds; will create lapses with extended insurance privilege never intended in original certificate, and that said act is wrongful, unauthorized, illegal and unreasonable and constitutes a breach of contract with plaintiff and other members and each of them" in nine specified respects pertaining to each member of the order. The prayer is that the said amendment and changes in the rates and plan of assessments be declared null and void and that said defendants and each of them and their successors and agents be forever restrained "from carrying them into effect."

The demurrer was on two grounds: (1) That the court has no jurisdiction of the subject of the action in that it appears that the acts complained of affect plaintiff solely as a member of the defendant corporation and that the action relates altogether to the management of the internal affairs of a Nebraska corporation, and (2) the facts stated do not constitute a cause of action.

It is to be noted that the action is not confined to plaintiff's own contract and its preservation. It is brought in behalf of other members of the corporation also, and to prohibit defendants from enforcing the

adopted changes of rates and benefits. Such action in behalf of others is authorized under the proviso of section 7674, G. S. 1913. But it is quite apparent that fixing rates and benefits, of a corporation of this kind, pertains to the management of its internal affairs. Benefits promised must come from rates paid or assessments levied against the members. The very existence of the corporation depends upon a proper adjustment of rates and benefits. How this is to be done is peculiarly a problem of internal management, to be solved by the governing body of the corporation or by delegates of its members in convention assembled. The necessary changes to maintain a proper ratio between receipts and disbursements must be worked out within the organization under the supervision of its officers and in the manner prescribed by its laws and the laws of the state of its domicile. It is apparent that, if an action of the nature here pleaded may be maintained in every state where the corporation has members, uniformity of either assessments or benefits could not be hoped for. The courts of one state might hold changes made by the corporation valid, while courts of other states declare them void. No association of the sort here involved, having members in different states, could well survive a condition where the courts of a state other than its domicile step in and determine for the future what the assessments and benefits of its members in such state shall be. The disaster likely to result to foreign fraternal beneficiary associations, if actions of the instant type lie, may well cause courts to pause before assuming jurisdiction. Especially so in view of the decision in Supreme Council of Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. ed. 1089, L.R.A. 1916A, 771, where it was held that an adjudication as to rates and benefits by the courts of the domicile of the corporation binds its members wherever residing. Some courts also give, as a reason for declining to assume jurisdiction over affairs relating to the internal management of a foreign corporation, that neither its officers or governing body nor its records, are within the reach of the decrees, orders or processes of any courts except the courts of its domicile.

This court has repeatedly recognized the rule that equity will not take jurisdiction of actions wherein it is sought to interfere with the internal management of a foreign corporation's business. Guilford v. Western Unon Tel. Co. 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407; Selover v.

Isle Harbor Land Co. 91 Minn. 451, 98 N. W. 344; State v. DeGroat, 109 Minn. 168, 123 N. W. 417, 134 Am. St. 764; Gere v. Dorr, 114 Minn. 240, 130 N. W. 1022; Van Dyke v. Railway Mail Assn. 118 Minn. 390, 137 N. W. 15, Ann. Cas. 1913E, 455; Tasler v. Peerless Tire Co. 144 Minn. 150, 174 N. W. 731.

Langan v. Supreme Council American Legion of Honor, 174 N. Y. 266, 66 N. E. 932, is greatly relied on by respondent. It was there held, three justices dissenting, that an action for damages does not lie against a foreign fraternal benefit association for unlawfully increasing assessments, but the remedy is in equity to compel the association to live up to its contract with its member. However, it was not intimated that an action in behalf of other members would lie. Our attention has not been called to any other case of a similar ruling, and we have found none outside the state of New York. It is directly opposed to the decision in Ebert v. Mutual R. F. L. Assn. 81 Minn. 116, 83 N. W. 506, 834, 84 N. W. 457, where this equitable remedy was unsuccessfully urged upon the court. The experience of the New York courts seems to cast doubt on the practical workings of the rule there adopted, for after Green v. Supreme Council of Royal Arcanum, 206 N. Y. 591, 100 N. E. 411, was, in 237 U. S. 531, 35 Sup. Ct. 724, 59 L. ed. 1089, L.R.A. 1916A, 771, reversed by the Supreme Court of the United States (wherein the appellate court of New York had applied the rule of the Langan case, notwithstanding that the courts of the domicile of the corporation had held the change in the assessments valid), the case of Evans v. Supreme Council of Royal Arcanum, 223 N. Y. 497, 120 N. E. 93, 1 A. L. R. 163, was determined. There the plaintiff, Evans, relying on the Green decision in 206 N. Y. 591, 100 N. E. 411, tendered the assessments according to the rate before the change, and when the amount was refused brought the action to enjoin the society from suspending him. He obtained a temporary injunction upon the giving of a bond to pay whatever rate the court would finally adjudge to be the lawful rate. The appellate court, under the decision of the Federal court in the Green case, felt itself compelled to hold the change in the rate binding as determined by the courts of the domicile of the defendant, and that therefore Evans, because of the nonpayment of the assessments as changed, was deprived

of membership notwithstanding the courts of New York had attempted to maintain his status by means of the injunction.

In our opinion the amended complaint shows on its face that the action is one in which a court of this state is asked to interfere with the internal management of a foreign corporation. Jurisdiction should not be assumed for that purpose, and the demurrer should be sustained.

The order is reversed.