## WALLACE v. MOTOR PRODUCTS CORPORATION et al.

(District Court E. D. Michigan, S. D. October 22, 1926.)

### No. 1500.

Corporations ⬄665(3)—Suit to enjoin and set aside reorganization of foreign corporation, depending on laws of other state, will be dismissed, and parties remitted to suit in other state.

Though court having acquired jurisdiction over parties to suit to interfere with internal affairs of foreign corporation, by enjoining and setting aside reorganization under plan claimed to violate rights of holders of common stock, by discriminating in favor of holders of preferred stock, has jurisdiction over subject-matter, it will dismiss bill, and leave plaintiff to seek relief in the courts of the state of the corporation's domicile, on the construction and enforcement of the laws of which the questions involved depend, and this though the bill alleges the acts in question were committed fraudulently.

In Equity. Suit by Newell B. Wallace against the Motor Products Corporation and others. Bill dismissed.

Lucking, Hanlon, Lucking & Van Auken, of Detroit, Mich., for plaintiff.

Warren, Cady, Hill & Hamblen and Leo M. Butzel, all of Detroit, Mich., and Hoyt A. Moore, of New York City, for defendants.

SIMONS, District Judge. This cause is now before the court on a motion to dismiss the bill of complaint, and also upon a rehearing of plaintiff's motion, heretofore considered, to remand the cause to the circuit court for the county of Wayne, whence it was removed to this court.

The suit was commenced in the circuit court for the county of Wayne, one of the courts of record of the state of Michigan, and removed to this court; a motion to remand being denied. The bill is filed by the plaintiff, a stockholder in the defendant, Motor Products Corporation, "on behalf of himself and all other holders of common stock of said defendant," against said defendant corporation and certain individuals therein alleged to be the owners of a majority of the stock of said corporation and in control thereof; some of said individual defendants being also directors, and others thereof officers of said corporation. The bill alleges "that defendant, Motor Products Corporation, is a corporation organized and existing under the laws of the state of New York"; that it was originally incorporated under the laws of said state in 1916, "was reorganized or reincorporated under the laws of said state of New York" in 1923; and that "said defendant, Motor Products Corporation, claims to have been reorganized and reincorporated again by the filing of a certificate of incorporation on January 28. 1926"; that the principal manufacturing plant and the greater portion of the assets of said corporation are located within the state of Michigan; that on or about January 12, 1926, plaintiff received from the defendant president of said corporation a notice of a proposed reorganization thereof at a special stockholders' meeting on January 27, 1926, for reasons and upon terms and conditions set forth at length in such notice, a copy of which is set out in said bill; that "shortly after" the receipt of said notice plaintiff "protested" to the officers of said corporation against such reorganization; that, "notwithstanding the protest of said plaintiff, the defendants herein, who owned or controlled more than two-thirds of the outstanding stock of said defendant Motor Products Corporation, voted in favor of the adoption of said plan of reorganization at the special stockholder's meeting mentioned in said letter of January 12, 1926, and caused a resolution approving said plan of reorganization to be apparently adopted by a vote of more than two-thirds of the outstanding stock of said corporation"; that "substantially all of the said individual defendants were personally and individually interested in increasing the value of the preferred stock and decreasing the value of the common stock of the said corporation, all in violation of and to serious damage to the rights of the holders of said

common stock"; that said plan of reorganization is "a violation of the rights of holders of the common stock of said corporation, amounts to a discrimination against the holders of said common stock, unlawfully enriches the holders of the preferred stock of the corporation to the disadvantage of that portion of the holders of the common stock who own no preferred stock, and was and is unfair, illegal, and void"; that "within a few days after said proposed plan of reorganization was announced, and as a result thereof, the market value of the common stock of said corporation depreciated over $40 per share, so that plaintiff herein was damaged thereby in a sum exceeding $40,-000"; that "because of the personal interest of the defendant directors, and because of their lack of good faith and their violation of the duty which they were under to treat all of the stockholders of said corporation fairly and without discrimination, all of the proceedings which may have been taken to effect said plan of reorganization were and are illegal and void, and constitute a fraud upon the holders of the common stock of said corporation." The bill prays that the defendants be restrained from taking any further steps to effect said reorganization and from taking any corporate action pursuant thereto; that "the court by its decree cancel, rescind, and set aside all steps and proceedings of whatsoever name and nature that may have been taken to effect and consummate said plan of reorganization"; that "the court by its decree place all of the stockholders of said corporation in the same relative position in which they were situated prior to the alleged adoption of said plan of reorganization"; and for an accounting of the profits and damages arising from said reorganization.

I have given full consideration to the additional arguments advanced orally and in briefs of counsel in further support of plaintiff's motion to remand, and find no reason for any other or different ruling upon that motion than is contained in the memorandum opinion previously filed thereon in this cause.

The motion to dismiss the bill is based on several grounds. The argument first presented is based upon the ground that the granting of the relief sought would constitute an interference with the internal affairs of a foreign corporation which this court, exercising in this case the jurisdiction and powers of the state court from which the case was removed, should not undertake. The question as to the circumstances under which, and the extent to which, the courts of one state should attempt to regulate the internal corporate affairs of a corporation organized under the laws of another state is a question of considerable difficulty, and one on which the decisions of the courts are not in entire harmony. The considerations and principles applicable to this subject are thus referred to in 12 Ruling Case Law, at page 29 et seq.:

"There are obvious difficulties that would be encountered if the courts of one state undertook to adjust the internal affairs of a foreign corporation formed under the laws of a different state, and having its habitat within the borders of another sovereignty. The absence of a visitorial power over such a corporation, and the absolute inability to enforce a forfeiture of its charter for a violation of the law, or to remove its officers for misconduct, or to punish them for malversations in the place of its domicile, are open and apparent obstacles in the court's pathway, should it assume to exercise an extraterritorial jurisdiction. Besides all this, there is a lack of the means to do full justice, and a want of the machinery to enforce against the corporation, in the place of its domicile, any decree the foreign court may render in such a proceeding. For these and similar reasons the doctrine is well settled that courts will not attempt to exercise visitorial powers over foreign corporations, nor will they ordinarily interfere with the management of their internal affairs, unless such power is expressly conferred by local statutes. Such express authorization is not, however, given by statutes which in general terms provide means for bringing foreign corporations into the courts of a state, or which provide that residents may bring actions in the courts for any cause of action. The courts of the domicile of the corporation should be resorted to when it is sought to regulate the internal affairs of a corporation. The difficulty, however, lies in drawing the line of demarcation between the matters which do, and those which do not, pertain to the management of the internal affairs of a corporation, and an examination of the decisions discloses considerable inharmony in this regard. To entertain an action to dissolve a corporation; to determine the validity of its organization; to determine which of two rival organizations is the legal one, or who of rival claimants are its legal officers; to restrain it from declaring a dividend, or to compel it to make one; to restrain it from issuing its bonds, or from making an additional issue of stock—would clearly all be the exercise of visitorial powers over the corporation, or an interference with the management of its internal affairs. On the

other hand, there is no doubt but that courts have power to govern and control those acts of foreign corporations which constitute doing business within the state, and by assuming jurisdiction respecting business transactions the court does not regulate the internal affairs of the corporation. Thus it has been determined that a state may require the consent of the stockholders of a foreign mining corporation as a necessary prerequisite to the sale or incumbrance of the mining ground owned by it within the state, as such a requirement is not a regulation of the internal affairs of the corporation, but has reference to the conduct by it of its business. A test frequently stated and applied by the courts in determining whether a case comes within the general doctrine respecting matters affecting the internal affairs of a foreign corporation is as follows: Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as corporator, stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in the case of a foreign corporation courts of another state will not take jurisdiction even though the visible tangible property of the foreign corporation is situate therein. Where, however, the act of the foreign corporation complained of affects the complainant's individual rights only, then a domestic court will take jurisdiction."

It is clear that the corporate acts here complained of involve and affect the plaintiff and the other stockholders for whose benefit he assumes to sue in their capacity as stockholders in this corporation. It is equally clear that the subject-matter of this suit, relating as it does to the validity and enforceability of the corporate acts of a foreign corporation purporting to effect a complete change in its internal corporate character and structure, involves the internal affairs of such corporation which this court is here asked not only to regulate, but to prohibit. If the granting of the relief sought in this suit does not amount to and constitute an interference with the internal affairs of a foreign corporation, within the meaning of the rule in question, it is difficult to conceive of a case to which that rule could be applied.

The recognition, however, of the essential character of this case is not necessarily decisive of the right of plaintiff to maintain this suit. The question remains as to whether this court should retain and exercise ju-

risdiction over the cause for a disposition thereof on its merits or should remit the parties to the courts of the domicile of the defendant corporation. It must now be regarded as settled law that where, as here, the court has acquired jurisdiction over the parties to such a suit, the court has jurisdiction over the subject-matter of such suit, even though it concern internal corporate affairs. American Creosote Works v. Powell, 298 F. 417 (C. C. A. 5), and cases therein cited. As was said by the New York Court of Appeals in Travis v. Knox Terpezone Co., 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387, "to trace in advance the precise lines of demarcation between the controversies affecting a foreign corporation in which jurisdiction will be assumed and those in which jurisdiction will be declined, would be a difficult and hazardous venture. A litigant is not, however, to be excluded because he is a stockholder, unless considerations of convenience or of efficiency or of justice point to the courts of the domicile of the corporation as the appropriate tribunals."

Applying the foregoing principles to the present situation, after earnest consideration of all of the allegations of the bill of complaint and of the ably presented arguments of counsel relative thereto, I have reached the conclusion that the questions involved in this suit can be more appropriately considered and determined by the courts of the state of New York than by this court, and that, for that reason, the present bill should be dismissed.

It is, in my opinion, apparent that both the question as to the validity of this corporate reorganization and also the questions as to the availability and effectiveness of the relief, if any, to be granted and applied necessarily depend upon the construction and enforcement of the laws of New York, the domicile of the defendant corporation and the state by whose laws the creation and administration of its incorporation and reorganization, with their necessarily attendant transfers, dissolution, and reincorporation, must be governed. It cannot be doubted that the rights of the plaintiff as a stockholder in this connection were granted, and are regulated by the laws of the state of the domicile of his corporation, and that in acquiring his stock he must be deemed to have contracted with reference to those laws. Canada Southern Railroad Co. v. Gebhard, 109 U. S. 527, 3 S. Ct. 363, 27 L. Ed. 1020; Hartford Life Insurance Co. v. Ibs, 237 U. S. 662, 35 S. Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765. It would therefore seem unnecessary and unde-

sirable, in such a case as that presented here, that the courts of some other state than New York should undertake to decide whether, according to the law of the state of New York, the plaintiff has been deprived of rights the existence of which must be determined according to those laws, especially as here there appears to be no reason why resort should not be had to the courts of that state. In the language of the Massachusetts Supreme Court in Kimball v. St. Louis & San Francisco Railway Co., 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250, "as among the states of this Union, the plaintiffs ought to resort in the first instance to that court which alone can declare the law of the case with authority, and can compel obedience to it by force. It would be a misuse of our powers to attempt to control the action of those courts, in a case like this, by an adjudication which would depend upon them for enforcement, and which they might say had mistaken the Missouri law."

The following language of the court in Hogue v. American Steel Foundries, 247 Pa. 12, 92 A. 1073, is applicable:

"If any wrong has been done to plaintiffs, by the process of reorganization, that wrong must be ascertained, and the remedy applied, according to the law of the domicile of the corporation. The action of which plaintiffs here complain, is not something which affects merely their own individual rights. It concerns the rights of all the nonassenting holders of preferred stock. The validity of the action taken by the company depends upon the legality of the reorganization proceedings, under which the old preferred stock and the old common stock, was retired, and new stock of but one class was issued in lieu thereof. It seems clear, that the prosecution of such an inquiry, would involve interference with the management of the internal affairs of a foreign corporation. This it has repeatedly been held we will not undertake."

As was pointed out in Boyette v. Preston Motors Corporation, 206 Ala. 240, 89 So. 746, 18 A. L. R. 1376, involving a reorganization, under circumstances substantially similar to those of the present case, of a Delaware corporation assailed in the courts of Alabama, "this claim cannot be established and finally adjudicated by the Alabama courts, and have due regard to the sovereignty of the state of Delaware over all corporations created by it. * * * After all that may be said of comity between states by public policy, it is sufficient that when complainant became a stockholder in the Motor Car Company, a corporation organized and operating under the laws of Delaware, he subjected himself—in assuming the relation of stockholder—to the general corporate laws of that state as affecting that corporation's powers, obligations, and merger or consolidation with other corporations organized under the laws of that state; and he is presumed, or is held, to have contracted with reference to the laws of Delaware, and not of Alabama."

Nor, in my opinion, is the situation in this respect affected by the mere fact that the plaintiff alleges that the acts in question were committed fraudulently. As was remarked by the court in Condon v. Mutual Reserve Fund Life Association, 89 Md. 99, 42 A. 944, 44 L. R. A. 149, 73 Am. St. Rep. 169, "the motives with which the acts are done, and the effect they may have upon others when done, are altogether aside from the inquiry; because, if they strictly appertain to the internal government of the corporation, neither motive nor effect can convert them from what they intrinsically are into what they obviously are not; and, therefore, cannot make them cognizable if otherwise they be not cognizable. An act done with a fraudulent motive is, as an act, precisely identical with the same act done without such a motive, in so far as it relates to this jurisdictional question, because it is the quality or nature of the act, and not the incentive that prompted it, or the effect that it produces, which determines whether it does pertain to the internal management of the corporation or not."

It is urged on behalf of the defendant corporation, among other things, that, if the plaintiff were injured by the reorganization of which he complains, he had a statutory remedy, under the laws of New York, which amply protected him and all other objecting stockholders, and that his failure to invoke the legal remedy thus open to him precludes him from now demanding equitable relief from this court. Whether that statute or other statutes of the state of New York are applicable, and, if so, controlling with respect to the issues here presented, whether the allegations of fraud made by plaintiff in his bill are sufficient to exempt him from the operation of the New York appraisal statute invoked by defendant, whether the corporate defendant in this case is the hereinbefore mentioned corporation organized in 1923 or is that organized in 1926, whether the former corporation has been legally dissolved, and hence is not before the court, whether, in the absence of said corporation, the relief sought can be granted, whether the defendants here-

in have the legal right and power to procure said relief to be actually afforded if judicially ordered, to what extent the rights of stockholders not before the court may be affected by these legal proceedings—these and other questions involving the legal nature and enforceability of the rights and obligations of the parties to this suit depend upon the construction and enforcement of the laws of New York, which, in the interests of all concerned, should be decided and applied by the courts of that sovereign state. Republican Mountain Silver Mines, Ltd., v. Brown, 58 F. 644, 7 C. C. A. 412, 24 L. R. A. 776 (C. C. A. 8); Maguire v. Mortgage Company of America, 203 F. 858, 122 C. C. A. 83 (C. C. A. 2); Eberhard v. Northwestern Mutual Life Insurance Co. (D. C.) 210 F. 520; Smith v. Mutual Life Insurance Co., 14 Allen (Mass.) 336; Gregory v. New York, Lake Erie & Western Railroad Co., 40 N. J. Eq. 38; Jackson v. Hooper, 76 N. J. Eq. 592, 75 A. 568, 27 L. R. A. (N. S.) 658; Olsen v. Danish Brotherhood, 150 Minn. 8, 184 N. W. 178, 18 A. L. R. 1370; Allen v. Montana Refining Co., 71 Mont. 105, 227 P. 582; 14 Corpus Juris, 1327 et seq.; 8 Fletcher's Cyclopedia of Corporations, § 5786 et seq.

In view of the conclusion thus reached, it becomes unnecessary to determine the other questions raised and argued in support of the motion under consideration. For the reasons stated, the motion must be granted, and an order will be entered dissolving the injunction in said cause and dismissing the bill.