## WEISS et al. v. ATKINS et al.

District Court, S. D. New York.
Nov. 9, 1943.

Schwartz & Frohlich, of New York City (Herbert P. Jacoby, of New York City of counsel), for plaintiffs.

Donovan, Leisure, Newton & Lumbard, of New York City (Jerome H. Doran, of New York City, of counsel), for defendants Joseph P. Routh and others.

GODDARD, District Judge.

Motion by defendants, Joseph P. Routh, the Pittston Company and United States Distributing Corporation, for an order dis-

missing the complaint and directing summary judgment for the defendants.

The complaint alleges that the plaintiffs, as trustees under the last will and testament of Nathan Burkan, deceased, were at all the times referred to and are the holders of 500 shares of common stock of the United States Distributing Corporation; that the value of such shares was destroyed as a result of a merger of the United States Distributing Corporation and the Pittston Company, which merger was brought about by the individual defendants who were directors of these corporations; that by reason of the acts of the defendants, plaintiffs have been damaged in the value of their stock to the extent of $5,000, for which they demand judgment against the defendants.

The answer, in addition to denying material allegations of the complaint, sets up four affirmative defenses. This motion is founded upon the first and third affirmative defenses, namely—that the plaintiffs, as dissenting stockholders of the United States Distributing Corporation, a Virginia corporation, had available a remedy of appraisal under the statutes of Virginia, and that their failure to avail themselves of that remedy, which is exclusive, is a bar to this suit; also that the plaintiffs' failure to allege compliance with certain provisions of that statute, is a further bar to this action.

The Pittston Company, a Delaware corporation, and the United States Distributing Corporation, were merged on December 31, 1942.

The question presented is—whether or not the provisions made for dissenting stockholders by Section 3822 of the Virginia General Corporation Law provide an exclusive remedy. It is apparent that if the Virginia statute was not exclusive, the failure to give notice under that statute is not a good defense in this action.

Many of our states provide for statutory remedies by which dissenting stockholders may institute proceedings whereby the fair market value of their stock may be appraised, and compensation made therefor, but the states differ as to whether such remedy is exclusive. Fletcher on Corporations, Permanent Edition, Volume 15, pp. 242–3, referring to the statutory remedy says—"In some of the cases it has been held to be exclusive [Citing Ohio, North Carolina and Maryland cases]; but in most of the decisions the contrary view is held by the courts", and cites, among other cases holding to the contrary, Winfree v. Riverside Cotton Mills, 1912, 113 Va. 717, 75 S.E. 309.

Whether this Virginia statute is exclusive is a matter for determination by the Virginia courts. Wallace v. Motor Products Corporation, D.C., 15 F.2d 211; Koster v. Shenandoah Corporation, 258 App.Div. 1079, 18 N.Y.S.2d 38.

In Winfree v. Riverside Cotton Mills, 113 Va. 717, 75 S.E. 309, it was held that the merger statute was non-exclusive and did not prevent the maintenance of an action by a dissenting stockholder to recover the fair value of his stock, and said (75 S.E. 309, at page 312):

"While under the provisions of section 1105e of the Code the Riverside Cotton Mills Company had the right to consolidate with the Dan River Power & Manufacturing Company by a majority vote, any stockholder of either corporation who did not give his assent to such consolidation and was dissatisfied therewith had the right to refuse to become a stockholder in the consolidated corporation, and was entitled to receive from such consolidated corporation the fair cash value of his stock as of the day before the vote for consolidation was cast, and a summary remedy was provided for ascertaining the value of such stock and to secure its payment to the dissenting stockholder. Subsection 41.

"While this summary remedy is given by the statute, and the appellant might have pursued it, he was not bound to do so. Although the consolidating statute took away from him the right to defeat the consolidation by refusing to assent to it, it did not take away from him the right to refuse to surrender his stock for stock in the new corporation, or to refuse to take anything for it less than its actual value as of the date of the consolidation. * * *"

The Winfree case was decided in 1912 and the appraisal section 1105e of the Virginia Corporation Code referred to, enacted in 1903, was amended in 1922 to its present form and now appears as Section 3822 of the Virginia Code.

The amendments corrected some defects in the procedure and included some additional provisions. There was nothing in the amendments which indicated that the remedy under this section was exclusive; nothing to indicate that the rule and policy laid down in the Winfree case, which had

prevailed in Virginia for many years, was to be changed. What was said then would equally apply to the amended section. The Winfree case has never been questioned by any Virginia court. It was cited in Craddock-Terry Co. et al. v. Powell et al., 1943, 181 Va. 417, 25 S.E.2d 363, 374. In the Craddock-Terry case, a Virginia corporation sold its assets to a new corporation in exchange for all the stock of the new corporation under a plan whereby the new stock was to be distributed to the stockholders of the old corporation in exchange for their existing holdings. A stockholder in the old corporation sued to recover the value of his stock. This being a sale, section 3820a of the Virginia Code, first enacted in 1930, known as the Sales Statute, applied. Under this section a dissenting stockholder had the same right of appraisal as is provided by section 3822 in the event of a merger. So much of section 3820a as is pertinent follows: "The rights of any stockholder of the vendor corporation, whether or not the said stock so held by him as voting power, who shall not have given his assent to such sale, conveyance or transfer, and who shall be dissatisfied therewith, shall be the same mutatis mutandis as that of a stockholder of a consolidated or merged corporation, who shall not have given his consent to such consolidation or merger and who shall be dissatisfied therewith, and the same procedure mutatis mutandis to ascertain the fair cash value of his stock shall be had, as now or may be hereafter provided by statute in case of such stockholder of a merged or consolidated corporation and/or as now exists under the general law; provided, however, that the value so ascertained shall be paid to such stockholder by the vendor corporation and the purchaser from the vendor corporation shall in no wise be liable to such stockholder for the value of his stock, but nothing herein contained shall deprive any stockholder of existing remedies at law or in equity in the event of fraud or inadequacy of consideration, * * *".

The defendant contended that the statutory remedy of appraisal was exclusive. The court held otherwise, and said, "The proceedings in the case under consideration was not brought to avail of the summary statute any remedy of appraisal. No appraisal was asked for and no appraisers were appointed. It is a plenary proceeding in equity to enforce the rights of the appellees as stockholders of the selling company and the appellees expressly disclaimed any desire for such appraisal and expressly asked for the liquidation value of their stock consequent upon the distribution. It is settled by the decisions of this court that the existence of a summary remedy of appraisal and payment under the sales statute does not make the remedy at law adequate in such manner as to defeat equity jurisdiction, and that the existence of such remedy does not otherwise foreclose the plenary jurisdiction of a court of equity to grant an injunction in advance of action or to grant a money award on equitable principles after action."

The words in the Sales Statute preserving to ·a dissenting stockholder such rights "as now exists under the general law", and permitting such stockholder to avail himself of "existing remedies at law or in equity", seem to me to be but declaratory of the doctrine of non-exclusiveness which the court had established and recognized for many years.

In view of the decisions of the Supreme Court of Appeals of Virginia holding that the provisions of Section 3822 of Virginia Code are not exclusive, they do not constitute a bar to this action.

Defendants' motion for summary judgment dismissing the complaint is denied. Settle order on notice.